IOWA STATE TRAVELING MEN'S ASS'N v. MOORE.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

No. 236.

1. CONTRACTS—PARTIES—CERTIFICATE IN MUTUAL BENEFIT ASSOCIATION.
   Where an application for membership in a mutual benefit association names a certain person as beneficiary, and the constitution of such association provides for the payment of the benefits secured in case of death to the persons named as beneficiaries by the members in their applications, or, in default of such appointment, to the heirs or legal representatives of the members, the obligation of such association, arising upon the issue of a certificate of membership, is to the person so named as beneficiary, alone, and such person cannot recover in an action brought as administrator of the member.

2. PLEADING—INDIVIDUAL AND REPRESENTATIVE CHARACTER OF PARTIES.
   Where an action of assumpsit is brought by a plaintiff described as "M., administratrix of J., deceased," the declaration containing a special count which makes profert of the letters of administration, and alleges a promise to pay "the personal representatives of J.," and also the common counts, alleging the cause of action to be an indebtedness to "said plaintiff's intestate," such declaration cannot be construed as showing a cause of action in M. individually, since, even if the words in the special count could be treated as merely descriptio personae, the special and common counts would then be misjoined, and the record would not support a judgment for M. individually.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

The Iowa Traveling Men's Association, plaintiff in error, is an association incorporated under the laws of Iowa, "for the purpose of rendering pecuniary assistance to its members as may be provided by its by-laws and certificates of membership," and for the purpose of raising funds, by assessments on its members, to be paid to the appointees named in the applications for membership. Said association was empowered, by its articles of incorporation, "to establish by-laws and make all rules and regulations deemed expedient for the management of its affairs." Pursuant to this authority, it had for

its government, and for the expression of rights and obligations as between itself and any member or person named as beneficiary by any member, a constitution and by-laws. Sections 2, 3, and 4 of article 2 of its constitution are as follows:

"Sec. 2. All applications for membership shall be referred to the board of directors, who shall require such proofs as to them may seem proper, as to the applicant's qualifications and eligibility.

"Sec. 3. All applications for membership must be accompanied by two dollars ($2.00) as a membership fee, and two dollars ($2.00) for first assessment, which fees will be returned in case the applicant is rejected.

"Sec. 4. Each member of this association shall receive a certificate of membership, and also a traveling card, bearing the autograph of the president and secretary of the association."

## Section 3 of article 5 is as follows:

"Sec. 3. Upon receiving notice of an assessment, it is the duty of each member to remit the amount promptly to the treasurer of the association. A notice sent to the last address given shall be considered a legal notification. Any member who shall not remit the amount of his assessment within thirty days from the date of notice forfeits his membership, and his name shall be stricken from the roll by the secretary, unless the board of directors extend the time fifteen days, at their option, after which fifteen days all his rights of every kind are forfeited; but any such person may again become a member, upon payment of all dues and assessments, subject, however, to the approval of the board of directors."

## Sections 1 and 5 of article 6 are as follows:

"Sec. 1. Whenever the death of a member of this association, in good standing, shall occur from an accidental cause (except while said member shall be under the influence of intoxicating liquors or narcotics), and suitable proofs of the same shall be furnished the board of directors, they shall order an assessment to be made from all members of this association of $2 apiece, and the amount of said assessment, not exceeding the sum of $5,000, shall be paid to the beneficiary named in the certificate of such deceased member, or to his heirs or legal representatives, in full satisfaction of said claim: provided, that if, when a death occurs as aforesaid, the sum of money in the treasury of the association, not otherwise appropriated shall exceed the sum of $5,500, then such loss shall be paid out of the treasury, not to exceed $5,000. But no claim for death loss shall be made against the association after six months from the time the deceased member is known to have died. Neither shall any claim for a death loss be made against this association after the expiration of eighteen months from the date of accident, it being the intention that the liability of this association shall cease after eighteen months from the date of accident, and shall not, in case of any loss, exceed the sum of $5,000; and, in case of a death claim arising under any certificate of membership, any sum or sums previously paid as indemnity within twelve months after the accident shall be deducted from the principal sum granted in case of death."

"Sec. 5. The board of directors may order an assessment of not over two dollars ($2.00) upon each member of the association, for funds, when needed."

## Section 1 of article 1 of the by-laws is as follows:

"Every application for membership shall be in such form and manner as the board of directors shall prescribe, and shall set forth, over the signature (in his own handwriting) of the applicant, as follows: His full name, place of residence, and post-office address; address and business of the firm he represents or of which he is a member, and in what capacity he is employed; also the full name and address of the person or persons to whom he desires, in case of decease, by accident or accidental causes, to have his death loss paid; the relation such person or persons sustain to himself, together with answers to such other questions bearing upon the identification of such persons as may be propounded,—and his application must be signed by two members of the association."

In conformity with the by-laws as last recited, John H. Moore on September 30, 1891, presented to said association the following application for membership:

"Application.

"Iowa State Traveling Men's Association.

"$25 Weekly Indemnity for Twenty-Six Weeks in Case of Total Disability.

"Please fill this blank, inclose $2, and forward to O. W. Hazard, treasurer, Des Moines, Iowa, or F. E. Haley, secretary, Des Moines, Iowa.

"Give full answer to each of the following questions:

"1. Name in full ................... John H. Moore..................
"2. Residence, street and number.......................................
   Town ............ Macomb ............. State ............ Illinois.
"3. P. O. Address, where notices are to be sent.................... .P. O.
   Box 508, Macomb, Illinois.......................................
"4. Name and business of the firm of which you are a member, or by which you are employed ..... Valentine Varnish Company........
"5. Place of business, street and number................... 390 Wabash Avenue ........................................................
   Town ........... Chicago ............ : State ............ Illinois.

"6. To whom payable in case of death by accident. Give full Christian name, residence and relationship.

Name.......... Magg M. Moore ...... Residence, Macomb, Illinois ....... Relationship .....Wife.

"Declaration.

"I, being desirous of becoming a member of the Iowa State Traveling Men's Association, inclose herewith the membership fee of $2, and do warrant the above statement to be true; and I hereby agree that I will comply with the requirements of the constitution and by-laws, and that this declaration shall be the basis of membership between me and the said association.

"Signature of applicant............. J. H. Moore......

"Dated at Grinnell, Iowa, this 30th day of September, 1891.

"Recommended by... ,........... J. H. Neal and M. Black................

...................................................... ....................

"(The following is to be filed only at the office of the association in Des Moines.)

"Application and membership fee of $2 received this 3rd..... .day of..... October..... .1891.

"Signed by ........ O. W. Hazard,........

"No. 5,016.                                                    Treasurer."

On October 3, 1891, pursuant to this application John H. Moore was elected a member of the association, and to him at that time was issued a membership card "showing," as per stipulation in the record, that "he was a member of the association." Shortly thereafter he received from the association the following document:

"No. 5,016.                    ,                    Not Exceeding $5,000.

"The Iowa State Traveling Men's Association, Des Moines, Iowa,

"By this certificate of membership, certifies that John H. Moore is a member of the Iowa State Traveling Men's Association, and is entitled to all the benefits accruing from such membership under the provisions of the constitution and by-laws of the association. In witness whereof, the Iowa State Traveling Men's Association, at its home office, in Des Moines, Iowa, has caused this certificate to be signed by its president and secretary, and its corporate seal to be hereunto affixed, this 3d day of May, A. D. 1892.

"[Seal.]                                    W. F. Mitchell, President.
                                            "F. E. Haley, Secretary."

On October 13, 1892, John H. Moore died intestate at his residence, at Macomb, in Illinois. On November 5, 1892, letters of administra-

tion on the estate of said Moore were issued to his wife, under the name of Margaret Moore, by the county court of McDonough county, Ill. On May 3, 1893, said administratrix, named in the præcipe "Maggie M. Moore, administratrix of the estate of John H. Moore, deceased," commenced this action of assumpsit against this plaintiff in error in the circuit court of McDonough county. The cause was removed, on petition of the defendant corporation, to the circuit court of the United States for the Northern district of Illinois. On October 23, 1894, after a jury trial, judgment was rendered in favor of plaintiff (defendant in error) for $5,000 and costs.

W. A. Park, W. E. Odell, and Sherman & Tunnicliffs, for plaintiff in error.

J. A. Bailey and W. H. Holly, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

SHOWALTER, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

By section 1 of article 6 of the constitution, above quoted, the $2 assessment, not to exceed $5,000, "shall be paid to the beneficiary named in the certificate of such deceased member, or to his heirs or legal representatives," etc. Under the section quoted from the by-laws, the directors are to prescribe the form of the application for membership. The applicant is required to state in such application, among other things, "the full name and address of the person * * * to whom he desires, in case of decease, * * * to have his death loss paid," and "the relation such person sustains to himself, together with answers to such other questions bearing upon the identification of such person as may be propounded." In the proposition, application, or declaration submitted by Moore, and which, according to its terms, formed "the basis of membership between" himself "and the said association," besides his promise to "comply with the requirements of the constitution and by-laws" and his warranty as to the facts stated, he, pursuant to the section quoted from the by-laws, nominated his wife, Maggie M. Moore, as the person to whom, in the event of his death by accident, the sum, not to exceed $5,000, as provided in section 1 of article 6 of the constitution of said association, should become due and payable. The record shows no provision fixing the terms of the certificate to be issued to a member. The document set forth in the statement which precedes this opinion, being in form a certificate by the association that Moore is a member, and entitled to all the benefits accruing from such membership under the constitution and by-laws, must, of course, be read in connection with the constitution and by-laws, and also in connection with the application for membership made pursuant to the by-law quoted, in order to manifest the contract. In consideration of the member's engagement as to the facts stated in his application, and his promise therein "to comply with the requirements of the constitution and by-laws," one of which requirements is that he will pay assessments as they may thereafter be levied, the association agrees to make to him certain periodical payments of money in case of his disablement by accidental hurt, and, within certain limitations, in the event of his

death as the result of accident, to pay a sum, to be ascertained in a specified way, but not exceeding $5,000, to the beneficiary appointed by him, or, in default of such appointment, to "his heirs or legal representatives." What is meant by the words "heirs or legal representatives," in section 1 of article 6 of the constitution of said association,—whether said words mean anything other than that the widow and next of kin shall be the beneficiaries in case the member survive the appointee specified in his application,—is not a question here. Since Maggie M. Moore was in fact named as the beneficiary, and since she has survived the member who so appointed her, the obligation of the association, touching the $5,000, if such obligation be otherwise made out, is to her, and to her alone. By the very terms of the contract, that fund, if recovered, could not be assets of, nor can the cause of action to recover it belong to, the estate of John H. Moore. Said cause of action did not vest in his personal representative. Without theorizing on the matter, the rule to this effect in such case is settled. Out of the many decisions which might be cited, Highland v. Highland, 109 Ill. 366, 375, in connection with the text and citations in 1 Chit. Pl. pp. 203–205, will be sufficient.

Counsel for this plaintiff in error do not seriously contest the proposition that Maggie M. Moore is the person in whom the cause of action, if there be any, is vested. They seek to avoid the point. They urge, for instance, that the declaration may be construed as showing Maggie M. Moore in her own right to be plaintiff, and this on the ground that in the special count she is called "Maggie M. Moore, administratrix of the estate of John H. Moore, deceased," instead of "Maggie M. Moore as administratrix of the estate of John H. Moore, deceased." But the common counts are added, and in each of them the cause of action is alleged to be an indebtedness to "said plaintiff's intestate." Besides, in the special count profert is made of the letters of administration, and the promise alleged is "to pay to the personal representative of said John H. Moore." If we could say that the words in the special count, "administratrix of the estate of John H. Moore, deceased," and the words, "the personal representative of said John H. Moore," are descriptio personæ, and that said count shows a cause of action in Maggie M. Moore, the record would fail to support the judgment. There is a statute in Illinois which saves a judgment from arrest or reversal on error, if, joined with counts that are bad, there be one count which is good, but there is no statute which does away with the common-law rule that a judgment cannot stand on good counts misjoined in the declaration. See 1 Chit. Pl. 204, and cases there cited; also, Id. 205, and cases there cited. To say that the declaration here can be construed as showing the cause of action to be in Maggie M. Moore, otherwise than as administratrix of the estate of John H. Moore, deceased, is out of the question.

It is, again, urged that if this judgment be affirmed, and its collection enforced in this suit, a court of equity will enjoin the prosecution of an action by Maggie M. Moore against this plaintiff in error. A share of this judgment distributed to Mrs. Moore as the widow of John H. Moore, deceased, would come to her, not in extinguishment

of any debt due to her from this plaintiff in error, but as part of the estate of her deceased husband. The creditors, if there be any, of that estate, would be first entitled. Subject to their rights, the proceeds of said judgment would be divided between the widow and the children of John H. Moore. A portion only could, in any case, be distributed to Mrs. Moore. But a judgment at law is as binding on the equity side of the court as on the law side. Upon what theory—there being no fraud or mistake of fact in the case—would a court of equity enjoin as claimed, except that the judgment in favor of the estate was erroneous? A court of equity is not a court of error. It has no appellate jurisdiction over a court of law. The grounds upon which a court of equity would interfere as suggested by counsel are not clear; nor do we see why this plaintiff in error should be driven to a court of equity, any more than we see why a judgment should be rendered in favor of the estate of John H. Moore, deceased, against a defendant who owes nothing to that estate. Counsel for defendant in error quote the following as from the opinion of the supreme court of Michigan in Peet v. Great Camp, 47 N. W. 119:

"The bringing of an action in the name of an administrator of a deceased member of a mutual benefit association, on a certificate of membership payable to the member's heirs, is a harmless error, where the administrator is the sole heir of such deceased person."

This is the language of the syllabus, not of the opinion. It appeared that there were no creditors, and that the plaintiff administrator was himself the sole distributee of the estate. But where, even in such a case, did the court get the right or the authority to render a judgment in favor of a plaintiff who confessedly had no cause of action? In the case at bar it does not appear that Moore left no creditors, but it does appear that he left children.

The trial court was asked to instruct the jury "that plaintiff, who sues as administratrix of the estate of John H. Moore, deceased, is not entitled to the benefits under the certificate of membership admitted in evidence, and defendant's constitution and by-laws." This instruction was denied,—the court declaring that upon certain findings of fact, which need not be here specified, "plaintiff would be entitled to recover under the declaration in this case,"—and plaintiff in error excepted. Said ruling is assigned as error. We do not deem it appropriate to discuss other points in the record. The judgment is reversed and the cause remanded, with directions to set aside the verdict and award a new trial.