BURROWS v. NIBLACK.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

No. 381.

1. ARREST OF JUDGMENT—PLEADING.

Under the Illinois statute (2 Starr & C. Ann. St. c. 110, § 58) a motion in arrest of a judgment in assumpsit, rendered after waiver of jury, will not lie where the finding of the court is based on the whole declaration, though the special counts are defective, or because of a defective count, when the declaration contains a good count.

2. SAME.

A motion in arrest of judgment can only be maintained for a defect apparent on the face of the record, and the evidence is no part of the record for this purpose, and cannot be considered.

3. REVIEW ON ERROR—TRIAL TO COURT—FINDINGS.

Where a jury is waived, and the court makes a general finding upon evidence produced, and not upon an agreed statement of facts or case stated, the appellate court cannot consider alleged error in making the finding.

4. SAME—AGREED STATEMENT.

A judgment at law, entered on an agreed statement of facts or case stated, under Rev. St. §§ 649, 700, can be reviewed on error only as to questions of law.

5. NATIONAL BANKS—PURCHASE OF ITS OWN STOCK.

The purchase of its own stock by a national bank, not for the purpose of preventing, or necessary to prevent, a loss upon a debt previously contracted, is illegal, and the bank may maintain an action at law to recover the money paid therefor without tendering back the stock.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Of the five counts in the declaration in this case two are common counts in assumpsit and three are special. The averments of two of the latter are to the effect that on March 10, 1893, the plaintiff in error. William F. Burrows, sold, and of the third that he surrendered, to the Chemical National Bank of Chicago, 100 shares, which he owned, of the capital stock of that bank for the sum of $10,000, which sum, upon his then and there delivering to the bank the certificates of stock, was paid to him by the bank, which was represented in the transaction by its president; that on the ensuing May 8, 1893, the bank having become insolvent, John P. Hopkins was appointed receiver by the comptroller of the currency; that on January 9, 1894, Hopkins having resigned, Eli C. Tourtelot, Jr., who brought the suit, was appointed in Hopkins' stead, and, he having resigned pending the action, William C. Niblack, the defendant in error, was appointed his successor, and by order of the court

substituted as plaintiff in the case. It is further alleged, in the first of the special counts, that "the sale and transfer of the stock to the bank were not made to prevent loss upon a debt previously contracted in good faith"; in the second, that the sale and transfer were "not necessary to prevent loss upon a debt previously contracted in good faith"; and in the third, that by means of the transaction the capital stock of the bank was reduced by the sum of $10,000. In each of these counts it is charged that the sale and purchase or surrender of the stock were contrary to the statute in such cases provided. Docket entries show that a jury was waived by a stipulation in writing, and the issues submitted to the court, which made a general finding for the plaintiff, and "from the evidence, both oral and documentary," found the sum of $11,926.66 to be due the plaintiff from the defendant; that thereupon the defendant interposed a motion in arrest of judgment, which the court overruled, and gave judgment upon the finding. A bill of exceptions in the record shows that the cause was submitted to the court upon an "agreed statement of facts," corresponding, in substance, with the averments of the special counts of the declaration which allege a sale of the stock, and that thereupon, "upon full consideration of the case stated," the court found the facts to be true as stated, and that the sale of the stock to the bank, and the payment therefor, were in contravention of section 5201 and 5204 of the Revised Statutes of the United States, and therefore illegal, null, and void, and the plaintiff, consequently, entitled to recover of the defendant the sum paid, with interest. The grounds stated in the motion for arrest of the judgment were, in substance: First, that the declaration is defective; second, that the finding was a general one upon the whole declaration, and the special counts defective; third, that upon the evidence adduced no judgment can be sustained on the common counts, and that the special counts are insufficient. The assignment of errors contains three specifications: First, the court erred in finding for the plaintiff and against the defendant; second, the court erred in overruling defendant's motion in arrest of judgment; third, the court erred in entering judgment in favor of the plaintiff and against the defendant.

Mason B. Loomis and Albert H. Veeder, for plaintiff in error.

James W. Duncan and Hiram T. Gilbert, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

By statute in Illinois, a judgment will not be arrested because of a defective count in a declaration which contains a good count. Iowa State Traveling Men's Ass'n v. Moore's Adm'rs, 34 U. S. App. 670, 19 C. C. A. 662, and 73 Fed. 750; 2 Starr & C. Ann. St. § 58, c. 110. The common counts of the declaration in this case being undeniably good, the first and second grounds of the motion in arrest of judgment were necessarily without merit, and the third ground is unavailing "because a motion in arrest of judgment can only be maintained for a defect apparent upon the face of the record, and the evidence is not a part of the record for this purpose." Bond v. Dustin, 112 U. S. 604, 608, 5 Sup. Ct. 296. This disposes of the second specification of error, and, if the judgment is to be treated as one rendered upon a general finding by the court, and not "upon an agreed statement of facts or case stated," the first and third specifications also present no question. The decisions to that effect are numerous. See Bond v. Dustin, supra; Martinton v. Fairbanks, 112 U. S. 671, 5 Sup. Ct. 321; Boardman v. Toffey, 117 U. S. 272, 6 Sup. Ct. 734; Jenks' Adm'r v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, and 52 Fed. 641; Skinner v. Franklin Co., 9 U. S. App. 676, 6 C. C. A. 118, and 56 Fed. 783; Dis-

tilling & Cattle-Feeding Co. v. Gottschalk Co., 24 U. S. App. 638, 13
C. C. A. 618, and 66 Fed. 609; Phipps v. Harding, 34 U. S. App. 148,
17 C. C. A. 203, and 70 Fed. 468; Woodbury v. City of Shawneetown,
34 U. S. App. 655, 20 C. C. A. 401, and 74 Fed. 205; Seymour v. White
Co., 34 U. S. App. 658, 20 C. C. A. 402, and 74 Fed. 207; Fourth Nat.
Bank of St. Louis v. City of Belleville (decided Nov. 18, 1897, by this
court) 83 Fed. 675. In Bond v. Dustin, supra, it is said that "since
the statute [of March 3, 1865, re-enacted in sections 649 and 700 of the
Revised Statutes of the United States], as before, a judgment upon
an agreed statement of facts or case stated, signed by the parties or
their counsel, and entered of record, leaving no question of fact to be
tried, and presenting nothing but a question of law, may be reviewed
on error." See, also, Supervisors v. Kennicott, 103 U. S. 554, and
cases there cited. That the agreement in this case, though perhaps
sufficient in substance for the purpose, was not intended or under-
stood to present a case stated, is shown by the lack of any statement
in it to that effect, and by the fact that it was not entered of record,
in or before the entry of the judgment, and that the court, instead of
stating simply a conclusion of law, made a general finding, which
was duly entered as the foundation of the judgment, reciting that oral
as well as documentary evidence was heard. The bill of exceptions,
which it may be observed was not necessary in an agreed case, is am-
biguous, if not inconsistent, in its statements. After setting forth
the agreement of the parties, it says that, "upon full consideration of
the case stated, as aforesaid, the court [instead of declaring a con-
clusion of law merely] found the facts to be true as above stated,"
implying, perhaps, especially since the contrary is not stated, that
other evidence than the agreement was received in proof of the facts.
If, however, questions of practice be disregarded, and the agreement of
the parties be treated as showing a case stated, or as being the equiva-
lent of a special finding of facts by the court within the meaning
of sections 649 and 700 of the Revised Statutes, all objections to the
pleadings which might be avoided by amendment must be regarded
as waived (Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831), and the
only question to be considered is whether the facts stated in the agree-
ment justified the judgment entered. The principal objections urged
are: (1) That the validity of the purchase by the bank of its own
stock can be questioned only by the government; (2) that the alleged
liability of the bank for the return of the money can be enforced only
in a court of equity; and (3) that a tender back of the shares of stock
purchased was essential to the right of recovery of the price paid.
The first objection is based upon that line of decisions of which illus-
trations are found in Bank v. Matthews, 98 U. S. 621, Bank v. Whit-
ney, 103 U. S. 99, and Thompson v. Bank, 146 U. S. 240, 13 Sup. Ct.
66; but the present case, as we think, is governed rather by the prin-
ciples declared in McCormick v. Bank, 165 U. S. 538, 17 Sup. Ct. 433,
and Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, where the line
of cases mentioned is distinguished. The transaction here in ques-
tion was not a purchase made for the purpose of preventing, or which
was necessary to prevent, loss upon a debt previously contracted, but,
as set forth, it was a bald purchase by the bank of its own stock for

cash, and necessarily involved for the time being a reduction pro tanto of the corporate stock. Even if it were not forbidden by the statute, the transaction would be inconsistent with public policy and with established principles of law. The suggestion that a reduction of stock by a national bank may be lawfully made under section 5143 of the Revised Statutes is irrelevant, because it is not shown, and without proof is not to be presumed, even if it were conceivably possible, that this transaction could have been justified under the provisions of that section. The purchase was outside of and beyond the powers of the bank, and therefore, as a corporate act, was void from the beginning; and, while it appears from the agreement that the certificates of stock were indorsed in blank, and delivered to the president of the bank, the latter did not thereby acquire, nor the plaintiff in error part with, title to the stock. The money having been unlawfully paid out, the bank had an immediate right of action to recover it in an action of assumpsit. It was not necessary to go into equity, nor to offer a return of stock. The judgment of the circuit court is affirmed.