STEDHAM'S HEIRS vs. STEDHAM'S EXECUTOR.

[CONTEST AS TO VALIDITY OF WILL.]

1. *Right of trial by jury.*—Although it is the better practice, when the probate of a will is contested, that the party desiring a trial by jury should make his application at the time the contest is interposed, (Code, § 1634 ;) yet his failure to make the application at that time does not amount to an implied waiver of the right, nor authorize the court to refuse a jury when demanded at the trial.

2. *Mental capacity of testator.*—Mental incapacity on the part of the testator, though produced by the use of medicines, is sufficient to invalidate his will.

3. *Error without injury in sustaining demurrer to special plea.*—The erroneous sustaining of a demurrer to a special plea, when the record shows that the contestant had the full benefit of the same defense under the issue joined on his other pleas, is not an available error.

APPEAL from the Probate Court of Baldwin.

IN the matter of the last will and testament of Mary A. Stedham, deceased, which was propounded for probate by James B. Stedham, the executor therein named, and contested by the decedent's heirs-at-law and distributees. The grounds on which the will was contested were—" 1st, that said Mary A. Stedham, at the time of executing said supposed will, was not of sound mind and disposing memory, and therefore said paper purporting to be her will is not her last will and testament; 2d, that said Mary A. Stedham, at the time of executing said supposed will, was under the influence of morphine, and had been for eight or ten days previous thereto, and, from the effects thereof, was incapable of any act requiring judgment and deliberate intention, and under the influence of this medicine, which destroyed her capacity to make a will, she executed the same ; 3d, that said supposed will was executed by the decedent, under the influence, and at the suggestion of her husband, while she was in a debilitated condition of health, laboring under medicines and disease which rendered her incapable of any deliberate act of judgment ;

and hence they say, that said paper is not the last will and testament of said decedent." These objections, as the judgment entry recites, were filed by T. C. Barlow, in right of his wife Elizabeth, who was a sister of the decedent; "at which time neither of said parties demanded a jury to try the validity of said will." On the trial, Andrew J. McDavid, another heir-at-law, appeared, and joined with the other contestants. The court, on motion of the proponent, "struck out the second and third grounds of objection, and refused to allow the contestants a jury to try the validity of said will;" to which rulings of the court the contestants excepted, and which they now assign as error.

E. S. DARGAN, for the appellants.

JOHN HALL, *contra*.

STONE, J.—We think the probate court erred in refusing to the contestants a jury trial on the validity of Mrs. Stedham's will. True, it would seem the better practice that a party who desires that a jury shall pass on the issue, should make his application at the time the contest is interposed; but we are not able to find, in the language of the Code, any warrant for construing his silence on such occasions into a waiver of this statutory right.—See Code, § 1634. We do not deny, that parties may expressly waive the right to a trial by jury; but we are unwilling to predicate such waiver on doubtful implication. It may be further remarked, that a new contestant appeared in court on the day of trial; and certainly he had not waived this right.

[2–3.] We think also, that the second ground alleged why the will should not be admitted to probate, was sufficient. Mental incapacity, no matter what may be the cause of it, seems to be sufficient to invalidate a will. See 1 Jar. on Wills, (2 American edition,) 54–5. For this, however, if it stood alone, we would probably not reverse, as the contestants could have obtained under their first allegation, all the benefit they could claim

under the second.—Dunlap v. Robinson, 28 Ala. R. 100; Powell v. Powell, 30 Ala. 697.

The judgment of the probate court is reversed, and the cause remanded.