# Cross *v.* The State.

### Indictment for Living in Adultery.

1. *Proof of former conviction.*—Under an indictment for living in adultery, the record of a former conviction is not admissible as evidence without the indictment on which it was founded, so that the court may see that the offense was committed with the same person (Code, § 4184); and if the indictment is not produced, the court can not consider the former conviction for any purpose.

2. *Waiver of trial by jury.*—A waiver of a trial by jury, being the renunciation of a valuable constitutional right, must be strictly construed; and it will be held, ordinarily, to apply only to the particular trial at which it is made.

3. *Solicitor's signature to indictment.*—An indictment will not be struck from the files because it is not signed by the solicitor, his signature not being essential to its validity.

4. *Deputy-solicitor's appearance before grand jury, and signature to indictment.*—An indictment will not be struck from the files, on motion, because it was drafted by the deputy-solicitor, nor because he appeared before the grand jury during their investigation of the case.

5. *Living in adultery; evidence of prior acts not covered by indictment.* Under an indictment for living in adultery, evidence having been adduced tending to show an adulterous intercourse between the parties during the period covered by the indictment, proof of acts or conduct prior to that time may be received, without regard to the sufficiency of the other evidence to authorize a conviction.

From the County Court of Jackson.

Tried before the Hon. John B. Tally.

The indictment in this case was found at the June term, 1883, of the Circuit Court, and charged the defendant with living "in a state of adultery or fornication" with Clarissa Bass. The case having been transferred to the County Court for trial, the defendant submitted a motion to strike the indictment from the files, "because it was never submitted to the grand jury by the prosecuting officer of the State, but on the contrary, although it purports to be signed by H. C. Jones, the solicitor of said circuit, it was in fact not signed by him, nor by any one lawfully authorized to sign his name to the indictment; that R. W. Clopton was before the grand jury during the investigation of the case, and drew the indictment, and

[Cross v. The State.]

submitted it to the grand jury, as the agent or deputy of said Jones, and in his absence; and that said Jones knew nothing about said indictment, until he found it on file in this court." The court overruled and refused the motion, and the defendant excepted.

At a former term of the court, as the judgment-entry and the bill of exceptions each recites, the defendant waived a trial by jury; but, when the case was called for trial at the July term, 1885, he demanded a trial by jury; "which the court refused to grant, because there was no jury impanelled for that day or the next, but consented that a jury be summoned *instanter* by the sheriff. · The defendant objected to be tried by a jury so summoned, and insisted on his right to be tried by a jury regularly summoned and organized for the trial of causes in said court;" and he excepted to the overruling of his motion and objection. The case was tried by the court without a jury.

During the progress of the trial, as the bill of exceptions further shows, the State introduced evidence tending to show an adulterous intercourse between the defendant and said Clarissa Bass during the summer of 1882, and also acts of intimacy or familiarity between them prior to that time. To the admission of this latter evidence the defendant objected, because the acts occurred more than twelve months before the finding of the indictment; and he excepted to the overruling of his objection. The State also offered in evidence "the record of a judgment of the Circuit Court of said county, rendered on the 26th February, 1877," which showed that the defendant, having pleaded guilty to an indictment then pending against him, was fined $100. The defendant objected to the admission of this record as evidence, "because it was not shown for what offense said fine was assessed and said judgment rendered;" and he excepted to the overruling of his objection. On all the evidence adduced, the court rendered judgment against the defendant, finding him guilty as charged, and imposing a fine of $300. "In response to a question by defendant's counsel, the court stated that the fine imposed was the lowest fine, as this was the second offense; that the court considered the indictment upon which the former conviction was had as in evidence, though it was not read. When it was proposed to offer it, it was not in court, and the clerk was instructed to get it." To the judgment of the court, on these facts, the defendants excepted.

HUMES, GORDON & SHEFFEY, and R. C. HUNT, for appellant, cited *Stedham v. Stedham*, 32 Ala. 525; *Martin v. King*, 72 Ala. 354; *Judge v. State*, 8 Geo. 173; *Mosseau v. Veeder*,

[Cross v. The State.]

2 Oregon, 113; *Williams v. Com.*, 91 Penn. St. 493; *Rogers v. State*, 33 Ind. 543; *Blevins v. State*, 68 Ala. 92; *People v. Sharp*, 53 Mich. 525.

T. N. McClellan, Attorney-General, for the State, cited *Holley v. The State*, 75 Ala. 14; *Alsobrooks v. The State*, 52 Ala. 24; *Blevins v. The State*, 68 Ala. 95; Code, § 4184.

SOMERVILLE, J.—The evidence set out in the bill of exceptions fails to show the relevancy of the record of the judgment of the Circuit Court of Jackson county, showing a conviction of the defendant, in February, 1877, upon his own plea of guilty, of some offense, the nature of which is not made to appear. In the absence of the indictment, upon which the conviction is based, we can not know whether it was for the act of living in adultery with the same person implicated in the present case or not, or whether it was for an offense of an entirely distinct nature. This is very material, in view of the existing statute, which punishes a second conviction for living in adultery with the same person with a severer penalty as an aggravated offense.—Code, 1876, § 4184. The court, it is said in the record, considered the indictment as in evidence, though it was not read, nor was it before the court at the time. This statement gives us no information as to the crime charged by it. Nor did the court have any authority to consider anything as in evidence which was not so in fact, unless upon the admission or agreement of the parties, or their counsel. It may be that valid objections existed to the introduction of the paper in evidence, had it been produced; and the defendant had a right to inspect it, with the view of interposing such objections. The court erred in admitting the judgment, under the facts shown by the record; and for this error, the judgment in the present case must be reversed.

We need not decide whether the defendant, under the facts of this case, so far waived his right of trial by jury as to justify the judge of the County Court in proceeding to try the cause, under the provisions of the act of February 9, 1881, regulating the trial of misdemeanors in Jackson county.—Acts 1880–81, pp. 232, 233, § 4. Conceding that such was the case, all we decide is, that the agreement to waive the right of trial by jury must, ordinarily, be construed to apply only to the particular trial at which it is made. Such a waiver is a renunciation of a valuable constitutional right, and must be strictly construed. It may well be supposed, that a defendant would be perfectly willing for a particular judge to try him, when he would not risk his successor; or, that he would be willing to be tried the first time by a judge, when he would not submit

to a second trial by the same judge, after such officer had convicted him one or more times, so that the judicial mind might not afterwards be perfectly free from the influence of a bias created by the circumstances of such previous conviction. This would be sufficient ground for the challenge of a juror, and ought not to be considered as waived in the case of a judge, at least on doubtful implication.—*Martin v. King*, 72 Ala. 354; *Stedham v. Stedham*, 32 Ala. 525; *Benbow v. Robbins*, 63 N. C. 422.

The motion to strike the indictment from the file was supported by no sufficient reason, and was properly overruled. The signature of the solicitor of the circuit, as often held, was unnecessary to its validity as a lawful indictment.—*Holley v. The State*, 75 Ala. 14; *Ward v. The State*, 22 Ala. 16. Nor was it material that the deputy-solicitor, without otherwise interfering, was before the grand jury during the investigation of the cause, or that he drafted the indictment, and submitted it to them for their action. These facts did not justify the striking the indictment from the file, or otherwise vitiate it. *Blevins v. The State*, 68 Ala. 92.

The evidence, in our opinion, tended to show an adulterous intercourse between the parties during the period of time covered by the indictment, whatever our view may be as to its sufficiency or insufficiency to authorize a conviction, unaided by other facts. This being the case, it is well settled, that proof of acts anterior to the time covered by the indictment could be adduced, to explain or throw light upon other acts of a like nature within such period, or, as is sometimes said, for the purpose of proving an adulterous disposition in the persons implicated.—2 Greenl. Ev. (14th Ed.) § 47; *Alsobrooks v. The State*, 52 Ala. 25; *Com. v. Horton*, 2 Gray, 354; *Thayer v. Thayer*, 101 Mass. 111.

We discover no other error in the admission of evidence than the one mentioned above. For this error, the judgment of conviction must be reversed, and the cause remanded.

