## DISTILLING & CATTLE FEEDING CO. v. GOTTSCHALK CO.

### (Circuit Court of Appeals, Seventh Circuit. March 20, 1895.)

### No. 199.

PRACTICE—SUBMISSION TO COURT WITHOUT JURY—REVIEW ON APPEAL.
Where a case is submitted to the court without a jury, by consent of parties, and the court makes a general finding, neither the correctness of that finding nor the refusal of the court to make special findings can be reviewed on a writ of error.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

J. S. Stevens, for plaintiff in error.
A. W. Green and W. Pinkney Wyte, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. The appellee, the Gottschalk Company, a corporation of Maryland, sued the appellant, the Distilling & Cattle Feeding Company, a corporation of Illinois, in assumpsit upon special and common counts, to recover money alleged to be due as rebates under a contract between the parties. A more particular statement is unnecessary here. The opinion delivered in the circuit court is reported in 62 Fed. 901. The court, by written consent of the parties, tried the case without the aid of a jury, and, having refused a number of propositions, some of law and some of fact, which the appellant had submitted, made a general finding of the issues for the appellee, and gave judgment accordingly.

The assignment of errors contains two specifications to the effect that the court erred—First, in refusing each of the propositions submitted; and, second, in finding that there had been no violation of the condition upon which sales were made by the plaintiff in error to the defendant in error. No question is presented by either specification of which this court can take cognizance. Before the act of March 3, 1865, no decision by the court in the trial of a case at law, in which the jury had been waived, could be reviewed upon writ of error. Campbell v. Boyrean, 21 How. 223. By that act, the provisions of which have been embodied in sections 649 and 700 of the Revised Statutes, the right of review is given in respect to "the rulings of the court in the progress of the trial of the cause"; and, "when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment." It is also provided that "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." The meaning and effect of these provisions have been under frequent consideration, and it is well settled that no question involved in a general finding by the court in a case at law, when a jury has been waived, can be the subject of review. "If a jury

is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence." Dirst v. Morris, 14 Wall. 484; Insurance Co. v. Folsom, 18 Wall. 237; Tyng v. Grinnell, 92 U. S. 467; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481; St. Louis v. W. U. Tel. Co., 148 U. S. 92, 13 Sup. Ct. 485; Reed v. Stapp, 3 C. C. A. 244, 9 U. S. App. 34, 52 Fed. 641; Skinner v. Franklin Co., 6 C. C. A. 118, 9 U. S. App. 676, 56 Fed. 783, and cases cited; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752; Searcy Co. v. Thompson, 66 Fed. 92. In Insurance Co. v. Folsom, it was distinctly held that the refusal of requests that the court should adopt certain conclusions of law could not properly be denominated a ruling in the progress of the trial, and therefore could not be reviewed; and in Cooper v. Omohundro, 19 Wall. 65, Crews v. Brewer, 19 Wall. 70, and other later cases cited, the doctrine has been reiterated. It is urged that there is and can be no dispute about the facts of this case, but whether or not that is so is itself a question of fact upon which the court cannot enter. "The burden of the statute," says the supreme court in Lehnen v. Dickson, supra, "is not thrown off simply because the witnesses do not contradict each other, and there is no conflict in the testimony. It may be an easy thing in one case for this court, when the testimony consists simply of deeds, mortgages, or other written instruments, to make a satisfactory finding of the facts, and in another it may be difficult, when the testimony is largely in parol, and the witnesses directly contradict each other. But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another because of the difficulty in such determination. The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts." The judgment of the circuit court is affirmed.