BURNHAM et al. v. NORTH CHICAGO ST. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 18, 1897.)

No. 349.

TRIAL TO THE COURT—AGREED STATEMENT—JUDGMENT—REVIEW ON ERROR.

When a case is submitted upon a stipulation as to facts, which is mainly a statement of evidence, and not of the ultimate or issuable facts, and the court thereupon makes neither a general finding nor a special finding of facts, but merely finds that the facts are as set forth in the agreed statement, a judg-

ment rendered thereon is invalid; nor can the appellate court, in reviewing such judgment, draw the inference of fact from the admitted evidence, however plain such inference may be.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Norman Williams, Charles S. Holt, and Arthur D. Wheeler, for plaintiffs in error.

John A. Rose, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The action in this case is in assumpsit; the plea, nonassumpsit. The special count in the declaration charges that at the request of the defendant in error, the North Chicago Street-Railway Company, the plaintiffs in error constructed, and delivered in Chicago, a steam tramway motor, upon the promise of the defendant to pay therefor, when requested, a sum equal to the cost of construction, estimated at the regular rate charged by the plaintiffs for similar work, and that on that basis the machine was worth, and did actually cost, $10,000. A docket entry shows that, the cause coming on to be heard, the parties, by written stipulation, waived the jury, and submitted the cause for trial by the court "as a case stated upon an agreed statement of facts, which statement and stipulation are as follows." The stipulation set out is not in exact accord with the entry. It is "that a jury shall be, and is hereby, waived, and said cause submitted to the court for trial upon the foregoing statement of facts," and that "for the purpose of said trial the said statement shall be considered by the court to be in evidence, and as absolutely true." Another entry states that "the court, having considered, and being now fully advised, finds the defendant not guilty"; but, as such a finding is not responsive to the issue in assumpsit, it may be disregarded. It is shown by a bill of exceptions, in which the agreed statement of facts is set out, that the court, after hearing counsel, declared certain propositions of law, and refused others, which, in the view we take of the case, need not be stated, except the following: "The court further finds and holds the facts to be those set forth in the agreed statement thereof filed herein, and shown above, upon which agreed statement trial was had"; "and thereupon the court ruled that, upon the agreed facts in the case stated, the plaintiffs were not entitled to judgment against the defendants"; and "that the defendant was entitled, in law, upon said agreed facts in the case stated, to a judgment against the plaintiffs for its cost in the case incurred." Judgment to that effect was entered.

The assignment of error contains numerous specifications, the last of which only, that the court erred in giving judgment for the defendant, need be considered. It is evident that the case was submitted and tried upon a mistaken view of the so-called statement of facts, which in the main is a statement of evidence, and not of the ultimate or issuable facts. An agreed statement of facts,

it is well settled, may "be taken as the equivalent of a special finding of facts," presenting for review on writ of error only questions of law; but manifestly it is necessary that the ultimate facts be stated, and not evidence, merely, from which the facts to be established may be inferable. Supervisors v. Kennicott, 103 U. S. 554; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481; Distilling & Cattle-Feeding Co. v. Gottschalk Co., 24 U. S. App. 638, 13 C. C. A. 618, and 66 Fed. 609. The motor which the plaintiffs made for the defendant, it is admitted, was not constructed, in all respects, in conformity with the model agreed upon; but on behalf of the plaintiffs it is contended that the defendant, by the use made of the motor after delivery, and by declarations of intention in that respect, had elected to keep the motor, and that such election is deducible from the agreed statement as a conclusion of law. But the question, in our opinion, remains one of fact, or perhaps of mixed law and fact, in respect to which, as it is presented here, it is not competent for the court to declare a legal conclusion, strongly evident as, upon the facts and circumstances stated, the inference of fact may be deemed to be. It follows that the judgment rendered is invalid. It is supported neither by a general finding appropriate to the issue, nor by special finding, nor by an agreed statement of facts which can be regarded as equivalent to a special finding. The agreed statement probably contains sufficient evidence to enable a trial court to determine the disputed questions between the parties, either by a general or a special finding, but the finding that the facts are as set forth in the agreed statement is neither the one nor the other. The statement being one of evidence, the finding does not make it a statement of facts. To what extent, upon another trial, the parties shall be bound by the agreement as a statement of evidence, if that becomes a matter of dispute, will be a question for the circuit court. The judgment is reversed, and the case remanded, with direction to grant a new trial.