### DOOLEY v. PEASE.

(Circuit Court of Appeals, Seventh Circuit. July 26, 1898.)

#### No. 472.

1. APPEAL AND ERROR—REVIEW—SPECIAL FINDINGS OF FACT.
   Whether a special finding of fact made by the circuit court is in accordance with the preponderance of the evidence, cannot be considered on a writ of error.

2. SAME—MIXED QUESTIONS OF LAW AND FACT.
   The decision of a circuit court on a mixed question of law and fact cannot be reviewed on a writ of error.

3. SALE—VALIDITY—CHANGE OF POSSESSION.
   A sale of personalty, not followed by open and visible or notorious change of possession or ownership, is void, under the law of Illinois, as against creditors of the seller.

In Error to the Circuit court of the United States for the Northern Division of the Northern District of Illinois.

Counsel for plaintiff in error submitted on brief.
Lockwood Honore, for defendant in error.

Before WOODS and SHOWALTER, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge. This was an action of trespass by the plaintiff in error, Michael F. Dooley, as receiver of the First National Bank of Willimantic, Conn., against the defendant in error, James Pease, charging him with having forcibly seized and carried away a stock of goods in store at Nos. 213 and 215 Fifth avenue, in the city of Chicago. The defendant pleaded the general issue, under which it was agreed that all defenses, of whatever nature, might be proved as if specially pleaded; and by stipulation in writing a jury was waived, and the court made a special finding of facts, upon which it pronounced the defendant not guilty, and gave judgment accordingly. Error is assigned to the effect that the judgment is not supported by the facts found.

The special finding is made of great length by the statement of many facts which, though relevant and important, are evidentiary only of the ultimate facts found. For the present purpose a short statement will be sufficient: At the time of the alleged trespass (May 20, 1895) the defendant, Pease, was the sheriff of Cook county, Ill. He seized the goods by virtue of a writ of attachment for the sum of $14,786.53, issued out of the circuit court of Cook county against the Natchaug Silk Company, a corporation of Connecticut; and four days later he levied on the goods another attachment out of the same court, against the same company, for a sum exceeding $8,000. The validity of the writs under which the seizure was made is not questioned. The dispute is over the ownership of the goods at the time of the seizure. They had belonged to the attachment defendant, the Natchaug Silk Company, prior to and on April 25, 1895; and the point of dispute is whether the instrument of sale that day executed in the name of the company by its president was valid and effective to transfer title to the plaintiff in error, as receiver of the First National Bank of Willimantic, Conn. The validity of that instrument is denied on several grounds. The first is that the president of the company was without authority to make the sale. Upon this point the court found, as a fact, and also as a matter of legal conclusion, that the president of the company had no authority to make the sale, and seems to have placed its decision of the case mainly upon that ground. It is insisted that certain facts specifically stated in the finding require the contrary conclusion. The facts chiefly relied on are that the president of the company had also been made its general manager; that, as president, he was empowered by a by-law of the corporation to "perform all duties especially required of him by the statute laws of this state [Connecticut], but his charge of the executive business of the company shall be subject to the control of the directors"; and that by an amendment of the by-laws a general manager was to be chosen annually, who should "have entire charge of the business and affairs of the said company, subject to the order and approval of the board of directors." On the authority of Dooley v. Hadden, 38 U. S. App. 651, 20 C. C. A. 494, and 74 Fed. 729, Scudder v. Anderson, 54 Mich. 122, 19 N. W. 775, and especially of Lewis v. Manufacturing Co., 56 Conn. 25, 12 Atl. 637, it is insisted that the power of general management so given to the president of the company included the power to pay the debts of the company by the application of any portion or all of its personal property. Manifestly, however, such a question is not one of law, purely, but also of fact, dependent upon the circumstances of each case. The cases mentioned, it is to be assumed, were decided correctly upon the proofs adduced. In this case the court found the fact to be that the sale was unauthorized, and had never been ratified, by the company; and there are many circumstances and evidentiary facts set forth in the special finding which tend to support the conclusion,—the chief being that the debtor company was at the time absolutely insolvent and on the verge of suspending business, and that, without the sanction of any other officer or member of the company, the president, knowing the

situation, made this sale, and others, covering the entire property of the company, to particular creditors, for the purpose of preferring them over other creditors. Whether the finding of the court upon this question was according to the preponderance of the evidence is a question which this court cannot consider. Besides the provision in section 1011 of the Revised Statutes, that "there shall be no reversal * * * upon a writ of error * * * for any error of fact," it is well settled that under sections 649 and 700 the right of review, when judgment has been rendered upon a special finding, extends only to "the rulings of the court in the progress of the trial," and to "the determination of the sufficiency of the facts proved to support the judgment." The cases on the subject in the supreme court and in the circuit courts of appeals are numerous. See Fourth Nat. Bank of St. Louis v. City of Belleville, 53 U. S. App. 28, 27 C. C. A. 674, and 83 Fed. 675; Smiley v. Barker, 55 U. S. App. 125, 28 C. C. A. 9, and 83 Fed. 684; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234; Hathaway v. Bank, 134 U. S. 494, 10 Sup. Ct. 608; St. Louis v. Rutz, 138 U. S. 226, 11 Sup. Ct. 337. In Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, it is said that "findings of fact made by the court below are binding here, if there be any evidence to support them." It necessarily follows, and has often been decided, that a mixed question of law and fact cannot be reviewed on a writ of error. Dennistown v. Stewart, 18 How. 565; Jewell v. Knight, 123 U. S. 426, 8 Sup. Ct. 193; Smith v. Craft, 123 U. S. 436, 8 Sup. Ct. 196; Burnham v. Railway Co., 46 U. S. App. 670, 23 C. C. A. 677, and 78 Fed. 101. When the trial is by jury, the law part of such mixed questions may be saved for review on exceptions to the rulings of the court. Norris v. Jackson, 9 Wall. 125. But, if a party sees fit to waive a jury in a case involving a question of that kind, he puts it beyond his power to challenge the court's finding, unless he may chance to be able to do so upon an exception to a ruling during the progress of the trial. For instance, if the issue be negligence, which rarely is resolved into a pure question of law, a special finding of the ultimate fact either way cannot be overthrown by force of merely evidentiary facts stated in the finding, however strong; and so, here, the finding that the sale was unauthorized, and had not been ratified, cannot be impeached on the strength of the circumstances stated tending to show the contrary. The sale, made as it was without authority, did not pass title, and the goods were therefore subject to seizure by virtue of the writs of attachment.

Another ground on which the sale was clearly invalid is the finding of the court that the sale was not followed by an open or visible or notorious change of possession or ownership unless, as matter of law, the facts stated in the finding constituted sufficient information to the public of the change. The facts so stated were evidentiary only, and, instead of being conclusive of publicity, tended rather to show intentional concealment. They were certainly sufficient, even if we were required to look into the evidence, to support the finding of the ultimate fact. The sale was therefore void, under the law of Illinois, which "will not permit the owner of personal property to

sell it, and still continue in the possession of it." Green v. Van Buskirk, 7 Wall. 139; Hervey v. Locomotive Works, 93 U. S. 664; Martin v. Duncan, 156 Ill. 274, 41 N. E. 43; Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51; Pullman's Palace-Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876. It is urged that while the federal courts follow the rule of the state, that a transfer of personal property, where the vendor is permitted to remain in possession, is fraudulent and void as to creditors, the federal courts are not bound to give heed to the opinions of the supreme court of Illinois upon matters of fact, and that what will constitute a sufficient change of possession must necessarily be determined upon the facts of each case. That may be conceded; but the court here having determined the fact against the appellant, whether according to the weight of the evidence or not, the finding, by the authorities already cited, cannot be reviewed.

There are other propositions embraced in the finding, which, it is urged, are sufficient to support the judgment rendered, but they need not be considered. The judgment is affirmed.