BURNHAM et al. v. NORTH CHICAGO ST. RY. CO.

(Circuit Court of Appeals, Seventh Circuit.   July 26, 1898.)

No. 470.

1. PROCEEDINGS AFTER REVERSAL—EFFECT OF MANDATE—NEW TRIAL.
Where a judgment based on agreed facts is reversed and the cause remanded on the ground that the facts stipulated are evidential only, and cannot take the place of findings, a new trial is required, in which either party has the right to introduce additional evidence not inconsistent with the stipulation.

2. TRIAL—STIPULATION OF FACTS—EFFECT.
A stipulation that the facts therein stated "shall be considered by the court to be in evidence, and as absolutely true," does not preclude either party from introducing additional evidence not inconsistent with the stipulated facts.

3. RIGHT TO JURY TRIAL—WAIVER—EFFECT OF STIPULATION.
Where by stipulation a jury is waived, and a cause tried to the court, such stipulation does not operate as a waiver of a jury on a second trial, after the judgment has been reversed and the cause remanded.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

A. D. Wheeler, for plaintiffs in error.
John A. Rose, for defendant in error.

Before WOODS and SHOWALTER, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge.   This suit has been twice tried in the court below, and is now in this court for the second time.   It was brought to recover the price of a street-car traction motor constructed by the plaintiffs for the defendant.   Upon the first trial a jury was waived, and the case submitted to the court upon the following written stipulation as to the facts, without other evidence:

"It is hereby stipulated by and between the parties to the above-entitled cause, through their respective counsel, that jury shall be, and is hereby, waived, and the said cause submitted to the court for trial upon the foregoing statement of facts.   For the purpose of said trial, the said statement shall be considered by the court to be in evidence, and as absolutely true."

The court gave a judgment for costs against the plaintiffs; the record showing that the court ruled that the defendant was entitled, in law, upon said agreed facts in the case, to a judgment against the plaintiffs for costs.   A judgment was accordingly rendered upon that finding, and the case brought to this court by writ of error, where the judgment was reversed, and a new trial ordered.   The case is reported in 23 C. C. A. 677, 78 Fed. 101.   In that opinion this court said:

"The assignment of errors contains numerous specifications, the last of which only (that the court erred in giving judgment for the defendant) need be considered.   It is evident that the case was submitted and tried upon a mistaken view of the so-called statement of facts, which in the main is a statement of evidence, and not of the ultimate or issuable facts.   An agreed statement of facts, it is well settled, may 'be taken as the equivalent of a special finding of facts,' presenting for review on writ of error only questions of law; but

manifestly it is necessary that the ultimate facts be stated, and not evidence, merely, from which the facts to be established may be inferable. Supervisors v. Kennicott, 103 U. S. 554; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481; Distilling & Cattle-Feeding Co. v. Gottschalk Co., 24 U. S. App. 638, 13 C. C. A. 618, and 66 Fed. 609. The motor which the plaintiffs made for the defendant, it is admitted, was not constructed, in all respects, in conformity with the model agreed upon; but on behalf of the plaintiffs it is contended that the defendant, by the use made of the motor after delivery, and by declarations of intention in that respect, had elected to keep the motor, and that such election is deducible from the agreed statement as a conclusion of law. But the question, in our opinion, remains one of fact, or perhaps of mixed law and fact, in respect to which, as it is presented here, it is not competent for the court to declare a legal conclusion, strongly evident as, upon the facts and circumstances stated, the inference of fact may be deemed to be. It follows that the judgment rendered is invalid. It is supported neither by a general finding appropriate to the issue, nor by special finding, nor by an agreed statement of facts which can be regarded as equivalent to a special finding. The agreed statement probably contains sufficient evidence to enable a trial court to determine the disputed questions between the parties, either by a general or a special finding, but the finding that the facts are as set forth in the agreed statement is neither the one nor the other. The statement being one of evidence, the finding does not make it a statement of facts. To what extent, upon another trial, the parties shall be bound by the agreement as a statement of evidence, if that becomes a matter of dispute, will be a question for the circuit court. The judgment is reversed, and the case remanded, with directions to grant a new trial."

On the second trial the plaintiffs asked for a jury trial, and also that they be allowed to introduce evidence in addition to, but not contradicting, the written statement,—both of which requests were denied by the court,—to which rulings exceptions were taken, and the trial had before the court upon the same stipulation of facts, and a finding and judgment rendered again against the plaintiffs.

We are of opinion that the court erred in each of these rulings. It had already been adjudged by this court that the facts stipulated were evidential in character, and not the ultimate facts to be found by the court. It fairly followed from this decision that other evidence not inconsistent with the stipulated facts might be introduced by either party on another trial. The stipulation did not purport that there could be no other evidence introduced. The facts then stipulated were not exclusive of other evidence. It was stipulated that for the purposes of said trial the statement shall be considered by the court to be in evidence, and as absolutely true. It did not preclude other evidence of facts, in terms or by necessary implication. We think this followed from the opinion of this court holding the stipulated facts as evidential in character. When a cause is remanded for a new trial, the parties have the right to introduce new evidence, and establish a new state of facts, as though no trial had ever been had. This is the true significance of the mandate. A new trial upon precisely the same evidence, and by the same court without a jury, would be not so much a new trial as a mockery. In Dillon v. Cockcroft, 90 N. Y. 649, there was a similar stipulation of facts made before trial, which appeared on the face to be "a statement of the facts in this action." After the reading of the stipulation, plaintiff offered himself as a witness; and objection was made to any oral evidence, on the ground that the facts had

been stipulated, and the terms of the stipulation were such as to show the understanding to be that no other testimony should be offered.    The objection was overruled, and the court of appeals, in deciding the question, say:

"The objection urged to the admission of oral testimony upon the ground that the facts in the case had been stipulated by both parties, and that the stipulation precluded other testimony, was properly overruled.  We think the effect of the stipulation was not to preclude other evidence, and it only included the facts therein stated.  Other proof was not excluded, without a clause providing to that effect." Brenner v. Coerber, 42 Ill. 497; Rush v. Rush, 170 Ill. 623, 48 N. E. 990: Zaleski v. Clark, 45 Conn. 397; Dodge v. Gaylord, 53 Ind. 365; Eckert v. Binkley, 134 Ind. 614, 33 N. E. 619, and 34 N. E. 441; Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co., 58 Minn. 512, 60 N. W. 341.

2.  The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial.    There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer.    The right of trial by jury in cases at law, whether in a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guarantied by the United States constitution.    A stipulation for the waiver of such right should therefore be strictly construed in favor of the preservation of the right.    Cross v. State, 78 Ala. 430; State v. Fouchet, 33 La. Ann. 1154; Dean v. Sweeney, 51 Tex. 242; Brown v. Chenoworth, Id. 469; Town of Carthage v. Buckner, 8 Ill. App. 152.    This last-cited case was very similar to the one at bar, and the court says:

"It appears that on the first trial the parties entered into a written stipulation of facts agreed upon, as proven on the trial, and also that a jury should be waived, and the case submitted to the court for trial.  On the second trial, appellant claimed that under such stipulation a jury should again be waived, and the case be tried by the court, and entered a motion to that effect.  The action of the court in overruling this motion is one of the errors assigned.  In this we think no error was committed.  The agreement to waive a jury only bound the parties to the mode adopted—of trial by the court—to that one trial.  When the case was remanded by this court for another trial in the court below, both parties were restored to their original right of trial by jury.  Each party is entitled to as many juries as there are trials, and a waiver of a jury on one trial is expended by that trial." Brown v. State, 89 Ga. 340, 15 S. E. 462.

The rule and the reason for it are fairly laid down by the supreme court of Alabama in Cross v. State, 78 Ala. 430, as follows:

"We need not decide whether the defendant, under the facts of this case, so far waived his right of trial by jury as to justify the judge of the county court in proceeding to try the cause.  *  *  *  Conceding that such was the case, all we decide is that the agreement to waive the right of trial by jury must ordinarily be construed to apply only to the particular trial at which it is made.  Such a waiver is a renunciation of a valuable constitutional right, and must be strictly construed.  It may well be supposed that a defendant would be perfectly willing for a particular judge to try him, when he would not risk his successor, or that he would be willing to be tried the first time by a judge, when he would not submit to a second trial by the same judge after such officer had convicted him one or more times, so that the judicial mind might not afterwards be perfectly free from the influence of a bias created

by the circumstances of such previous conviction. This would be sufficient ground for the challenge of a juror, and ought not to be considered as waived in the case of a judge,—at least on doubtful implication." Marton v. King, 72 Ala. 354; Stedman's Heirs v. Stedman's Ex'rs, 32 Ala. 525; Benbow v. Robbins, 72 N. C. 422.

Nor is this court ready to concede that the waiver of the right of jury trial is absolutely binding upon the party, even as to the one trial where it is intended to be applied. A stipulation to waive, followed by an order of the court, is not in the nature of a private contract founded upon a consideration, which can only be set aside for fraud. It is a proceeding in court, which is liable to be changed or modified or set aside by order of the court, in its discretion, upon a proper showing. And where the circumstances are changed, as in the case of a change in judges, or other conditions, such a discretion to relieve from a waiver might very properly be exercised even on the first trial. A change in the court or in the counsel might very well furnish a good reason for allowing the waiver to be withdrawn; and where, upon a proper application, the circumstances seem to justify it, we think that a liberal discretion should be exercised by the trial court in allowing either party to withdraw from such a waiver, and to claim his right under the constitution. The judgment of the circuit court is reversed, with instructions to grant a new trial.