POLLY WORTHINGTON, *Admx.*, *et al.* v. NASHVILLE,
CHATTANOOGA & ST. LOUIS RAILWAY.

(*Nashville.* December Term, 1904.)

**JURY TRIAL IN CHANCERY.** On second trial, though ex-
pressly waived on first trial.

The waiver of a jury demanded in the bill made by agreement
at or before the first trial that the chancellor might try the case
as a jury does not deprive the defendant of the right to de-
mand a jury on a second or new trial, especially where it is not
shown that there was any rule regulating the matter.

Code cited and construed: Secs. 4611-4616, 6282-6286 (S.); secs.
3602-3605, 5215-5219 (M. & V.); secs. 4465-4469 (T. & S. and
1858).

Cases cited and approved: Allen v. Saulpaw, 6 Lea, 481; Cooper
v. Stockard, 16 Lea, 140; Cheatham v. Pearce, 89 Tenn., 688;
Stedham v. Stedham, 32 Ala., 525; Martin v. King, 72 Ala., 359;
Cross v. State, 78 Ala., 432; Benbow v. Robbins, 72 N. C., 422;
Burnham v. Railroad, 88 Fed., 627; Brown v. State, 89 Ga., 340;
Carthage v. Buckner, 8 Ill. App., 152.

Case cited and disapproved: Lananhan v. Heaver (Md.), 26 Atl.,
866, 20 L. R. A., 759.

FROM WARREN.

Appeal from the Chancery Court of Warren County.
—THOS. M. MCCONNELL, Chancellor.

114 Tenn—12

SMITH & SMITH, for complainants.

WHITSON & MERCER and CLAUDE WALLER, for defendant.

MR. JUSTICE WILKES delivered the opinion of the Court.

The bill in this case was, in substance, to enjoin the railroad company from setting up an accord and satisfaction claimed to have been entered into by complainants, as the widow and next of kin of Wade Ledbetter, settling their claim against the railroad for the negligent killing of said Ledbetter.

The bill demanded a jury for the trial of all issues of fact.

When the case came on for trial the complainants waived their right to a jury, and agreed with defendant that the chancellor might try the case as a jury, his findings to have the same weight and effect as a finding of facts by a jury. The defendants agreed to this, and an order was entered of record to that effect.

The chancellor, thus sitting as a jury, made the following findings of fact and rendered the following judgment, to-wit:

"The court, sitting as a jury, is of opinion and finds that the release and compromise entered into between complainants and defendant, as set out in complainants' bill, and which was reduced to writing finally of date

August —, 1899, considering the time when it was first made—the next day after the death of complainant Polly's son (when she was naturally in deep distress) —the ignorance and poverty of all the complainants, the small amount paid by respondent, and the want on the part of complainants of full and fair information as to the facts of the alleged killing, was unfair, unjust, and amounted to a fraud on complainants, and therefore is null and void, and is not binding on complainants, and is so decreed."

The court further decreed said compromise and release be annulled and set aside, perpetually enjoined defendant from relying on same as a defense to a recovery of damages in case of Polly Ledbetter, administratrix, against defendant, in the circuit court of Warren county, and from pleading said accord and satisfaction as a defense in said suit.

From this decree defendant appealed to the supreme court, where the case was heard on the 7th day of March, 1904, and the court held that the judgment of the chancery court was manifestly erroneous, "in that the chancellor, sitting as a jury, failed to find all the material issues raised in the pleadings."

The cause was remanded for a new trial.

Upon this remand and on the new trial defendant demanded a jury to try the issues of fact, which was refused by the judge, because, in his opinion, defendant had waived the right to make such demand on the first trial, and had elected to try before the judge as a jury,

and this election remained in force upon the second trial, and could not be withdrawn.

The defendant excepted to this order of the court, and the chancellor proceeded to try the case the second time as a jury under the original agreement.

Upon this trial the chancellor found all the issues of fact in favor of the complainants, set aside the compromise and release, and enjoined defendant from relying on same in any legal action for the recovery of damages.

Defendant prayed, and was granted, an appeal, and assigns as error this action of the court in refusing to allow a jury upon the second trial.

The assignment is as follows:

"The chancellor erred in disallowing defendant's demand for a jury to try the issues of fact in this cause, and in adjudging that the defendant was precluded from demanding a jury because of the agreement made at the September term, 1902, previous to first trial of the cause, by which it was agreed that the chancellor might try the case as a jury upon the questions of fact, instead of questions of fact being tried by jury demanded by complainants."

The provisions of our statutes in regard to jury trial in chancery causes are as follows:

"Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, and all the issues of fact in any case

shall be submitted to one jury." Code 1858, sec. 4465; Shannon's Code, sec. 6282.

"If the demand is made in the pleadings the cause shall be tried at the first term before a jury summoned instanter, in the same way that jury causes are tried at law." Code 1858, sec. 4466; Shannon's Code, sec. 6283.

"If the demand is only made after the cause is ready for hearing, the trial will be before a jury summoned instanter upon the like evidence as a suit at law, together with such parts of the bill, answers, depositions, and other proceedings in the cause, as the court may order." Code 1858, sec. 4467; Shannon's Code, sec. 6284.

"The issues shall be made up by the parties under the direction of the court, and set forth briefly and clearly the true questions of fact to be tried." Code 1858, sec. 4468; Shannon's Code, sec. 6285.

"The trial shall be conducted like other jury trials' at law, the findings of the jury having the same force and effect, and the court having the same power and control over the findings, as on such trials at law." Code 1858, sec. 4469; Shannon's Code, sec. 6286.

It is held in *Allen* v. *Saulpaw*, 6 Lea, 481, that either party to a suit in chancery is, upon application, entitled to a jury to try and determine any material fact in dispute, and that the demand for a jury may be made at any time before the case is in fact heard by the chancellor.

This case is approved and followed in *Cheatham* v. *Pearce*, 89 Tenn., 688, 15 S. W., 1080, and it is said that

in the absence of any rule of court regulating the matter
a jury may be demanded at any time before the cause is
heard by the chancellor.

It is not shown that the chancery court of Warren
county has any rule regulating the matter.

The exact question presented, however, is whether
the waiver of a jury and agreement that the chancellor
may try as a jury, made before the first trial, may be en-
forced, over the objection of either party, in any subse-
quent trial.

It is proper to remark that the statutes regulating
the time and manner of demanding jury trials in law
cases, embraced in sections 4611 to 4616, Shannon's Com-
pilation, do not apply to the chancery court. *Cheatham
v. Pearce & Ryan,* 89 Tenn., 688, 15 S. W., 1080; *Cooper
& Stockell* v. *Stockard,* 16 Lea, 140.

The rule is stated in Thompson on Trials, vol. 1, sec.
2, as follows:

"The prevailing opinion seems to be that the waiver
of a jury at one term will not estop the party from claim-
ing it at a subsequent term, or after a new trial has been
granted."

In the case of *Martin* v. *King,* 72 Ala., 359, the court
says:

"The question is whether the defendants on the
second trial are bound by an agreement to waive a jury
entered into upon the first trial. It is our judgment
that they are not concluded by such waiver. The agree-
ment, being one in abrogation of a valuable constitution-

al privilege, must, for that reason, be strictly construed. It would require most liberal and enlarged construction to extend its operation beyond the particular trial apparently contemplated by it. It may be that the litigants would be willing for the particular judge who presided at one trial to act as both judge and jury, and be entirely unwilling to risk his successor who might sit in judgment upon their rights at a subsequent term."

To the same effect is the case of *Stedham's Heirs* v. *Stedham's Ex'r*, 32 Ala., 525, and the case of *Cross* v. *State*, 78 Ala., 432, which latter case refers to said case of *Martin* v. *King*.

The case of *Benbow* v. *Robbins et al.*, 72 N. C., 422, was a civil action to recover damages for ponding water on plaintiff's land. On the first trial a jury had been dispensed with, it being agreed that the judge should find the facts and declare the law. The judge found the facts for plaintiff, but the case was reversed upon the question of the statute of limitations. The case again being heard in the lower court, instead of trying it anew, his honor held that the parties were bound by the finding of facts at the former trial, which were in favor of plaintiff, and gave judgment for the plaintiff, directing the defendant to take down his dam. In reversing the case the court said:

"Whether the facts are found by the jury or by the court, if it appears that the finding was influenced by misconstruction or misconception of the law, a new trial will be granted by this court on appeal. And in such

cases the former trial goes for nothing. And where the first trial had by consent of parties, been by the court, a second trial must be by a jury, unless there be a new agreement that the court may try."

The case of *Burnham et al.* v. *North Chicago St. R. R. Co.*, reported in 88 Fed., 627, 32 C. C. A., 64, was a suit brought to recover the price of a street car traction motor constructed by the plaintiffs for the defendant. Upon the first trial a jury was waived, and case submitted to the court for trial without jury; and the stipulation to waive jury was followed by an order of the court to that effect. A judgment was rendered by the court upon the trial of the case, and the case taken by writ of error to the United States circuit court of appeals, where the judgment was reversed, and a new trial ordered; the case being reported in 88 Fed., 627, 23 C. C. A., 677. On the second trial the plaintiffs asked for a jury trial, which request was denied, to which ruling exception was taken. On appeal the court of appeals held:

"The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer."

And again:

"A stipulation to waive followed by an order of the

court is not in the nature of a private contract founded upon a consideration which can only be set aside for fraud."

See, also, *Cross* v. *The State,* 78 Ala., 430; *Brown* v. *The State,* 89 Ga., 340, 15 S. E., 462; 12th Ency. Plead. & Prac., 270.

In the case of *Carthage* v. *Buckner,* 8 Ill. App., 152, it is said:

"It. appears that on the first trial the parties entered into a written stipulation of facts agreed upon as proven on the trial, and also that a jury should be waived and the case submitted to the court for trial. On the second trial appellant claimed that under such stipulation a jury should again be waived and the case be tried by the court, and entered a motion to that effect. The action of the court in overruling this motion is one of the errors assigned. In this, we think, no error was committed. The agreement to waive a jury only bound the parties to the mode adopted—of trial by the court—to that one trial. When the case was remanded by this court for another trial in the court below, both parties were restored to their original right of trial by jury. Each party is entitled to as many juries as there are trials, and a waiver of a jury on one trial is expended by that trial."

There are respectable authorities holding a contrary doctrine, notably the case of *Lananhan* v. *Heaver* (Md.), 26 Atl., 866, 20 L. R. A., 759, though this case is not

Worthington v. Railroad.

directly in point.    See, also, 12 Ency. Pleading and Practice, 270.

We are of opinion that upon the retrial either party had a right to a jury, and such right could not be denied.

There is therefore no error in the decree of the court of chancery appeals, and it is affirmed.