110 N.J. Super. 284 (1970)
265 A.2d 398
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES L. PAOLINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1970.
Decided May 12, 1970.
*285 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. John A. Lynch, Jr. argued the cause for appellant (Messrs. Lynch, Mannion & Lutz, attorneys).
Mr. Raymond R. Trombadore, First Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriani, Somerset County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from his conviction for bookmaking on the ground that although he waived jury trial through his trial attorney, his conviction on trial by the judge without a jury was void for absence of the written consent to waiver required by former R.R. 3:7-1(a), now R. 1:8-1(a).
The trial record indicates a thorough understanding of, and unequivocal assent in open court by the defendant, personally, to his attorney's agreement to waive jury trial. In such circumstances the absence of a written consent does not go to the jurisdiction of the court to try the case without a jury. See State v. Ciniglio, 57 N.J. Super. 399 (App. Div. 1959), certif. den. 31 N.J. 295 (1960), where defendant consented, but not in writing, to the continuation of the trial with 11 jurors after one became ill. After conviction defendant repudiated his waiver on the ground it was not in writing, as required by then R.R. 3:7-1(b), now R. 1:8-2(a). The court *286 held the requirement of a writing to be procedural and its nonobservance not to require voiding the trial outcome, absent any indication of lack of fairness in the trial. There is no fundamental distinction between a right to trial by jury and a right to trial by a jury of 12. Patton v. United States, 281 U.S. 276, 288-289, 50 S.Ct. 253, 74 L.Ed. 854 (1930).
Analogous Federal Rule 23(b) has been uniformly construed to permit oral agreement made with the full and understanding consent of defendant in open court, to validate a trial without jury. Bayless v. United States, 381 F.2d 67, 74-75 (9 Cir.1967).
Trial courts and prosecutors should see to it that waivers are signed by defendants, as required for good reason by the rule. But in such circumstances as these absence of a written waiver is not fatal to the conviction.
Defendant's second ground of appeal is that judges should not conduct nonjury trials in gambling cases "as a matter of public policy." This is frivolous.
Affirmed.