232 N.J. Super. 565 (1989)
557 A.2d 1043
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ERVIN WYMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 1989.
Decided May 4, 1989.
*566 Before Judges MICHELS, LONG and KEEFE.
Alfred A. Slocum, Public Defender, attorney for appellant (Judith D. Carboni, Designated Counsel, of counsel and on the brief).
*567 Peter N. Perretti, Jr., Attorney General of New Jersey, attorney for respondent (Larry R. Etzweiler, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Following a bench trial, defendant Ervin Wyman was found guilty of the third degree crime of theft by unlawful taking of $600 belonging to Boardwalk Regency Corporation, trading as Caesars Boardwalk Regency Hotel/Casino, in violation of N.J.S.A. 2C:20-3a. The trial court sentenced defendant to probation for one year, on the condition that he serve 30 days in the Atlantic County Jail, and assessed a penalty of $30, payable to the Violent Crimes Compensation Board. Defendant appeals.
Defendant seeks a reversal of his conviction and the entry of a judgment of acquittal or, alternatively, a reversal of his conviction and a remand for a new trial on the following grounds set forth in his brief:
I. THE EVIDENCE PRESENTED BY THE STATE WAS SO CONFUSING, DEFICIENT AND CONTRADICTORY IN MATERIAL RESPECTS THAT THE JUDGE ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL AT THE END OF THE STATE'S CASE.
II. DEFENDANT'S FAILURE TO EFFECTIVELY WAIVE HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL RENDERS HIS CONVICTION VOID. (Not raised below)
III. DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO TRIAL BY AN IMPARTIAL JURY WAS VIOLATED IN THAT THE TRIER OF FACT PREJUDGED DEFENDANT'S GUILT.
We have carefully considered these contentions and all the arguments advanced by defendant in support of them and find that, with the exception of defendant's argument set forth in Point II that he did not effectively waive his right to a jury trial, they are clearly without merit. R. 2:11-3(e)(2).
We, therefore, turn to defendant's contention that he did not effectively waive his constitutional right to a jury trial. R. 1:8-1, in pertinent part, provides:
(a) Criminal actions required to be tried by a jury shall be so tried unless the defendant, in writing and with the approval of the court, after notice to the *568 prosecuting attorney and his opportunity to be heard, waives a jury trial. In sentencing proceedings conducted pursuant to N.J.S.A. 2C:11-3(c)(1), the consent of prosecutor shall be required for such waiver.
The requirement of R. 1:8-1(a) that a defendant's waiver of a jury trial be in writing is not jurisdictional and the failure to comply therewith will not constitute a fatal defect in the conviction where the defendant in open court expressly and understandingly personally waives his right to a jury trial. See State v. Paolino, 110 N.J. Super. 284, 285 (App.Div. 1970), certif. den., 57 N.J. 127 (1970). See also United States v. Saadya, 750 F.2d 1419, 1420 (9th Cir.1985). Cf. State v. Ciniglio, 57 N.J. Super. 399, 404-406 (App.Div. 1959), certif. den., 31 N.J. 295 (1960). A defendant's mere acquiescence in proceeding without a jury, however, is not sufficient to constitute a waiver of his right to a jury trial. See Landry v. Hoepfner, 818 F.2d 1169, 1178 (5th Cir.1987), rev'd on other grounds on reh'g en banc, 840 F.2d 1201 (5th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989).
Here, defendant did not waive his right to a jury trial in writing pursuant to R. 1:8-1(a), nor did he personally in open court expressly and understandingly waive his right to such a trial. The trial transcript is devoid of any discussion between the trial court and defendant concerning an express and understanding waiver of his right to a jury trial or even an express and understanding assent to any waiver of that right by his attorney. In the circumstances, defendant cannot justly be deemed to have waived his fundamental constitutional right to a jury trial.
We deem it important to emphasize that trial courts and prosecutors should make certain that a waiver of a jury trial be in writing and signed by the defendant as required by R. 1:8-1(a), or that the defendant personally place on the record in open court an express and understanding waiver of his or her right to such a trial.
*569 Accordingly, the judgment of conviction and order of commitment are reversed and the matter is remanded to the trial court for a new trial.