750 A.2d 133 (2000)
330 N.J. Super. 467
STATE of New Jersey, Plaintiff-Respondent,
v.
Alexander MAZZA, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 2000.
Decided April 27, 2000.
Ivelisse Torres, Public Defender, for defendant-appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).
John Kaye, Monmouth County Prosecutor, for plaintiff-respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the brief).
Before Judges KIMMELMAN, CIANCIA and ARNOLD.
The opinion of the court was delivered by KIMMELMAN, J.A.D.
The issue on this appeal is whether defendant's constitutional right to a trial by jury was violated when he failed to appear for trial on his indictment for possession of a controlled dangerous substance (CDS) and his counsel (Office of the Public Defender) waived trial by jury. The waiver was accepted by the trial judge.
Defendant was found guilty at the ensuing bench trial. He was sentenced to a five-year term concurrent with sentences aggregating fifteen years of incarceration with six years of parole ineligibility imposed with respect to four other pending indictments. Defendant had pled guilty to the other four indictments pursuant to the terms of a plea bargain agreement made with the county prosecutor's office.
Factually, defendant's indictment for possession of CDS was scheduled for trial on March 26, 1997. Defendant did not appear for trial on that date. In a pretrial colloquy between the judge and counsel, defendant's counsel objected to the judge *134 proceeding with the case without defendant's presence. According to defendant's counsel:
I can ... not say that I have had any contact with Mr. Mazza to confirm or deny or give any information to the court about whether his absence here is voluntary or not. However, Judge, I am going to put an objection on the record to proceeding in his absence. When these matters were cutoff, the March 24 date was set. However, it was made clear to Mr. Mazza in my discussions with him that I expected to be trying the arson case first, not the drug case. Unfortunately or fortunately for Mr. Mazza the plea form that was filled out on ... December 3rd doesn't specifically refer to the fact that the trial can be tried without him if he did not appear, and I have no notes or recollection that that was ever said to Mr. Mazza.
The judge denied defendant's counsel's request to adjourn the proceedings stating that "it appears for all intents and purposes with no communication from Mr. Mazza that his not appearing here is an effort on his part to avoid prosecution."
Immediately after the judge's denial of the adjournment, defendant's counsel requested a trial without a jury. According to defendant's counsel, a bench trial was requested because:
... I'm going to be making dozens of decisions that I would normally be consulting my client about, and the decision to proceed without a jury is one of those decisions. If he was here I would be consulting him about it and I would most likely be recommending to proceed without a jury. There's no way for me to know what his decision would be concerning that, but I believe that under the circumstances of you making a decision [that] we can proceed without him and that he's voluntarily absented himself that he's basically allowing me to make those decisions for him. I believe this case should proceed without a jury, and that's what I'm requesting.
In granting the defendant's counsel's request for a bench trial, the court stated:
The rule certainly does provide that with respect to waiver of a jury trial that theif a defendant is here he must waive it freely and voluntarily, and the waiver must be in writing.
We do not have the defendant here, and counsel for the defendant has stated that were the defendant here she would have recommended to him that he be tried without a jury. She is now in a position where she must make decisions alone, and I don't believe there are any cases at least in this state that deal with this issue as to whether a defendant who's going to be tried in absentia can be tried without a jury on an indictable charge, but under the circumstances here, the court will grant the application and the case will be tried without a jury.
At the bench trial the prosecution presented two witnesses. The defense presented none. After the presentation of the case, the judge stated that he "conclud[ed] beyond a reasonable doubt that [defendant was] guilty of possessing both the heroin and the cocaine." The judge did not set a date for sentencing because defendant was yet to be apprehended. When subsequently apprehended, defendant's sentence was imposed as stated above.
Defendant argues that his counsel's waiver of his right to a trial by jury violated his constitutional rights and contravened R. 1:8-1(a). According to the State, "Defendant's argument should fail as he voluntarily absented himself from the trial process and thereby relinquished all trial decisions to his attorney."
Both the Federal and State Constitutions grant to an accused the right to public trial by an impartial jury. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. Under certain circumstances, the right is waivable. While a defendant has the absolute right to be present at every stage of the trial, U.S. Const. amend. VI; N.J. *135 Const. art. I, ¶ 10; R. 3:16, a court may try the defendant in absentia where it finds that defendant voluntarily and knowingly waived his right to be present during the trial and that his absence was inexcusable. State v. Ellis, 299 N.J.Super. 440, 447, 691 A.2d 403 (App.Div.), certif. denied, 151 N.J. 74, 697 A.2d 546 (1997).
In relevant part, R. 1:8-1(a) provides:
Criminal actions required to be tried by a jury shall be so tried unless the defendant, in writing and with approval of the court, after notice to the prosecuting attorney and an opportunity to be heard, waives a jury trial.
A fundamental requirement for waiver of the right to a jury trial is that it "be knowing and intelligent." State v. Jackson, 272 N.J.Super. 543, 550, 640 A.2d 863 (App.Div.1994), certif. denied, 142 N.J. 450, 663 A.2d 1358 (1995); Schneckloth v. Bustamonte, 412 U.S. 218, 237, 93 S.Ct. 2041, 2053, 36 L.Ed.2d 854, 868-69 (1973) (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)) (defendant's waiver of jury trial must be express, intelligent and competent); Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930) (defendant's consent to waiver of jury trial must be "express and intelligent"). "Whether a waiver is given knowingly `depends upon whether the totality of the circumstances supports that conclusion.'" Jackson, supra, 272 N.J.Super. at 550, 640 A.2d 863 (quoting State v. Koedatich, 112 N.J. 225, 328, 548 A.2d 939 (1988) (citations omitted), cert. denied, 488 U.S. 1017, 109 S.Ct. 813, 102 L.Ed.2d 803 (1989)).
In State v. Wyman, 232 N.J.Super. 565, 557 A.2d 1043 (App.Div.1989), this Court set forth what would constitute a valid waiver of the right to a jury trial where the defendant had not expressly articulated in writing his desire for a bench trial. In Wyman, we determined that the mere fact that waiver of a jury trial was not in writing would not fatally taint a subsequent bench trial. Id. at 568, 557 A.2d 1043. We said:
The requirement of R. 1:8-1(a) that a defendant's waiver of a jury trial be in writing is not jurisdictional and the failure to comply therewith will not constitute a fatal defect in the conviction where the defendant in open court expressly and understandingly personally waives his right to a jury trial. See State v. Paolino, 110 N.J.Super. 284, 285, 265 A.2d 398 (App.Div.1970), certif. denied, 57 N.J. 127, 270 A.2d 30 (1970). See also United States v. Saadya, 750 F.2d 1419, 1420 (9th Cir.1985). Cf. State v. Ciniglio, 57 N.J.Super. 399, 404-406, 154 A.2d 845 (App.Div.1959), certif. denied, 31 N.J. 295, 157 A.2d 364 (1960). A defendant's mere acquiescence in proceeding without a jury, however, is not sufficient to constitute a waiver of his right to a jury trial. See Landry v. Hoepfner, 818 F.2d 1169, 1178 (5th Cir. 1987), rev'd on other grounds on reh'g en banc, 840 F.2d 1201 (5th Cir.1988), cert. denied, 489 U.S. 1083, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989).

[Ibid.]
Thus, we concluded in Wyman that waiver by a defendant of a trial by jury must either be in writing as required by R. 1:8-1(a) or expressly and understandingly made by the defendant on the court record. Ibid.; see also State v. Jackson, 272 N.J.Super. 543, 550, 640 A.2d 863 (App. Div.1994) (citing Wyman, supra, 232 N.J.Super. at 568, 557 A.2d 1043, and agreeing that either a written request or a clear statement on the trial court record will suffice to waive a jury trial).
The State contends that when defendant absented himself, he "relinquished to his attorney the responsibility to make the decision whether to try the case with or without a jury." This perspective is at odds with Wyman's statement that "trial courts and prosecutors should make certain that a waiver of a jury trial be in writing and signed by the defendant as required by R. 1:8-1(a), or that the defendant *136 personally place on the record in open court an express and understanding waiver of his or her right to such a trial." Wyman, supra, 232 N.J.Super. at 568, 557 A.2d 1043.
Under the circumstances, in the absence of defendant's presence in open court, his counsel had no right to waive his constitutional right to trial by jury. Consequently, his conviction for possession of CDS under the Monmouth County Grand Jury indictment is reversed. We need not address defendant's remaining argument that the sentence rendered was improper.
Reversed.