962 A.2d 572 (2009)
404 N.J. Super. 483
STATE of New Jersey, Plaintiff-Respondent,
v.
James JACKSON, Defendant-Appellant.
No. A-1775-06T4
Superior Court of New Jersey, Appellate Division.
Argued October 15, 2008.
Decided January 7, 2009.
*573 Jerry P. Soffer, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney; Mr. Soffer, of counsel and on the brief).
Teresa M. Garvey, Assistant Prosecutor, argued the cause for respondent (Warren W. Faulk, Camden County Prosecutor, attorney; Ms. Garvey, of counsel and on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
Defendant was convicted, after a bench trial, of murder and various other offenses. On appeal, defendant's sole argument is that the trial court erred in *574 granting his motion to waive his right to a jury trial. Defendant claims that the court misapplied the factors set forth in State v. Dunne, 124 N.J. 303, 590 A.2d 1144 (1991) in granting his motion.
The record supports the trial court's finding that defendant's waiver of his right to trial by jury was voluntary and knowing. The other factors Dunne requires a trial court to consider in determining whether to grant a defendant's motion to waive a jury trial are not designed to protect the rights of the defendant, but rather to assure that a trial before a judge rather than a jury does not undermine the public's confidence in the criminal justice system. Therefore, we conclude that even if a trial court misapplies those other factors in granting a defendant's motion to waive the right to a jury trial, the defendant may not rely upon such error to obtain a new trial before a jury.

I.
Defendant was indicted for murder, in violation of N.J.S.A. 2C:11-3(a)(1) or (2); possession of a firearm for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a); unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5(b); hindering his own apprehension, in violation of N.J.S.A. 2C:29-3(b)(1); endangering an injured victim, in violation of N.J.S.A. 2C:12-1.2; and certain persons not to have weapons, in violation of N.J.S.A. 2C:39-7(b).
Before the start of jury selection, defense counsel notified the court that defendant wished to waive his right to a jury trial. Defense counsel told the court he had advised his client not to waive his right to a jury trial but that defendant had insisted upon a bench trial.
The court then addressed defendant regarding the charges against him and the sentences he could receive if convicted. The court also confirmed that defendant had discussed his desire to waive a jury trial with his attorney. In addition, the court confirmed that defendant understood that a jury would be comprised of twelve persons, that he and his attorney would be able to participate in jury selection, and that any jury verdict would have to be unanimous. Defendant also indicated in response to the court's questions that he was not under the influence of any alcohol, drugs, medications, or other substance that could interfere with his ability to understand the proceedings, and that he had not been forced, threatened or coerced into waiving his right to a jury trial. Based on these answers, the trial court found that "defendant understands his constitutional right to a jury trial, and I am satisfied that this is a knowing and voluntary waiver."
Before the beginning of the trial, the court indicated that it had additional questions for defendant "to supplement the proceedings in accordance with State v. Dunne ... in order to make [a] complete finding." The following colloquy between the trial court and defendant then took place:
THE COURT: The first question I have is to ask you why, in your own words, you wish to waive a jury trial. Would you please advise the court?
THE DEFENDANT: Because I seen like  like, at somebody else's case, I seen, like, as though one jury convinced the rest of the juries to find this man guilty and I feel as though that's, like, unfair, and, I mean, I feel as though I will have a fair trial with the Judge because the Judge might know more law than the jury do.
THE COURT: Okay. Now, as I indicated yesterday, Mr. Jackson, you understand that one of the advantages of a jury trial is that the prosecutor has to *575 convince all [twelve] members of the jury of your guilt beyond a reasonable doubt[.] Do you understand that?
THE DEFENDANT: Yes.
THE COURT: If you waive a jury trial, however, the State only has to convince one person, and that's the judge, but he has to convince the Judge, myself, of each charge beyond a reasonable doubt. Do you understand that?
DEFENDANT: Yes.
Thereafter, the court posed another question at the request of the prosecuting attorney: "[H]ave there been any promises made to you or is it your understanding that there's any kind of deals or any promises regarding any sentence of any lesser included-offenses or charges?" Defendant responded, "No."
The court asked the prosecutor whether the State had a position regarding defendant's desire to waive a jury trial. The prosecutor responded that he would defer to the court.
The court then made the following supplemental findings regarding defendant's waiver of his right to a jury trial:
The court has very painstakingly advised the defendant of his right to a jury trial.... I've explained in great detail the advantages of a jury trial and the disadvantages of waiving a jury trial.
The defendant has discussed with his attorney his desire to waive a jury trial. The defendant has also indicated to the [c]ourt that he understood his rights to a jury trial. He indicated that he has not been pressured or threatened or [had] any promises made to him in exchange for waiving a jury trial. He has also indicated that he was not under the influence of any alcohol, drugs or anything that would prevent him from understanding his rights to a jury trial.
Additionally, defendant executed a waiver of trial form that he discussed and went over with his attorney.
Defendant has, lastly, indicated that he  he's articulated his reasons for waiving a jury trial to this [c]ourt, that he believes, in sum and substance ... [that] he can receive a fairer trial by having myself, the judge, make the determination with regard to guilt or innocence in this case.
The State is not opposed to defendant's position regarding waiver of a jury trial given his desire  given his reasons, strategic reasons, for waiving a jury trial.
The defendant is alert. His demeanor  I've observed his demeanor. His answers to the [c]ourt's questions were clear. He seemed very alert as well as articulate.
His responses clearly indicate to this [c]ourt that he understands his rights regarding a jury trial and wishes to waive those rights, and, accordingly, based on the above as well as the requirements set forth in State v. Dunne, I find that defendant's desire to waive a jury trial is knowing and voluntary and his application to proceed without a jury is granted.
The trial court conducted a three-day bench trial, following which it found defendant guilty of all charges. The court sentenced defendant to a fifty-year term of imprisonment for murder, subject to the 85% period of parole ineligibility mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2, and a consecutive five-year term, without eligibility for parole, for certain persons not to have weapons. The court imposed concurrent sentences for the other offenses.

*576 II.
In Dunne, the Court held that a criminal defendant does not have an absolute right to demand a non-jury trial under either the United States or the New Jersey Constitution. 124 N.J. at 309-12, 590 A.2d 1144. In addition to the absence of any constitutional right to a non-jury trial, the essential policy rationale for requiring a jury trial in some circumstances, notwithstanding a defendant's expressed preference for a bench trial, is maintenance of the public's confidence in the criminal justice system. As explained in Dunne:
[W]e must never forget ... the importance of maintaining the public's confidence in our criminal-justice system. Trial by jury, for reasons rooted in our history and tradition, is one of the foundations of that confidence. It is a foundation not simply because of trust in the common man, trust in the verdict of one's peers, but because it has proven itself as the best vehicle for attaining justice.
[Id. at 319, 590 A.2d 1144.]
The Court in Dunne set forth guidelines a trial court is required to consider in reviewing a defendant's request to waive a jury trial. First, the court must determine that "a defendant has voluntarily, knowingly, and competently waived the constitutional right to jury trial with advice of counsel." Id. at 317, 590 A.2d 1144. Second, the court must determine that "the waiver is tendered in good faith" rather than "as a stratagem to procure an otherwise impermissible advantage[.]" Ibid. Third, the court must consider other factors relevant to whether maintenance of the public's confidence in the criminal justice system requires a jury trial, which are "the gravity of the crime ... the position of the State, the anticipated duration and complexity of the State's presentation of the evidence, the amenability of the issues to jury resolution, the existence of a highly-charged emotional atmosphere, the presence of particularly-technical matters that are interwoven with fact, and the anticipated need for numerous rulings on the admissibility or inadmissibility of evidence." Id. at 317, 590 A.2d 1144. The Court emphasized that to maintain confidence in the criminal justice system, trial by jury should be "the `normal and, with occasional exceptions, the preferable mode of disposition of issues of fact' in major criminal cases." Id. at 316-17, 590 A.2d 1144 (quoting Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930)).
In arguing that the trial court erred in granting his motion to waive a jury trial and that he is therefore now entitled to a new trial before a jury, defendant points out that the court's findings were all directed to whether his waiver was voluntary and knowing and that the court failed to make any findings regarding the other relevant factors set forth in Dunne. Defendant contends that those factorssuch as "the gravity of the crime" with which he was charged (murder), "the anticipated burden and complexity of the State's presentation of evidence" (the trial only lasted three days and the State's evidence was fairly straightforward), "the amenability of the issues to jury resolution" (the essential issues were ones of credibility relating to the defenses of self-defense and defense of another) and the absence of a "highly-charged emotional atmosphere" in a trial for murder of a drug dealerpointed strongly to the conclusion that his motion should have been denied.
We reject this argument and conclude that a defendant who has persuaded the trial court to grant his motion to waive the right to a jury trial may challenge that decision only if he can show that his waiver was not voluntary and *577 knowing. We are also satisfied, substantially for the reasons stated by the trial court, that defendant's waiver of his right to a jury trial was voluntary and knowing.
Dunne makes it clear that the factors a trial court is required to consider in determining whether to grant a defendant's request for waiver of a jury trial, with the exception of whether the waiver is knowing and voluntary, are primarily designed to provide assurance that the grant of the waiver will not undermine the public's confidence in the criminal justice system. Thus, the second factor the Court identified in Dunnea determination that "the waiver is tendered in good faith" rather than "as a stratagem to procure an impermissible advantage" for the defendantis obviously designed to promote public confidence in the criminal justice system rather than to protect the rights of the defendant. Similarly, the essential thrust of the other primary factor the Court identified in Dunnethat "major criminal cases" should be tried before a jury unless substantial countervailing considerations militate in favor of a bench trialis also designed primarily to promote the public's confidence in the criminal justice system. Moreover, most of the countervailing considerations the Court identified in Dunnesuch as "the anticipated duration and complexity of the State's presentation of the evidence, the amenability of the issues to jury resolution, ... the presence of particularly-technical matters that are interwoven with fact, and the anticipated need for numerous rulings on the admissibility or inadmissibility of evidence"are directed primarily at policies of efficient judicial administration rather than protection of the defendant's rights.[1] For these reasons, it would be antithetical to the objective of maintaining public confidence in the criminal justice system, which the other Dunne factors were intended to guide a court in considering, to grant a defendant who has voluntarily and knowingly waived his right to a jury trial a new trial before a jury solely because the trial court misapplied those factors.
Defendant voluntarily and knowingly waived his right to a jury trial. Moreover, defendant does not suggest that the bench trial conducted at his request was unfair. Therefore, defendant is not entitled to a new trial before a jury simply because the trial court may have misapplied the other Dunne factors in granting that request.
Affirmed.
NOTES
[1] The only one of those considerations that may in some instances bear on a defendant's right to a fair trial is "the existence of a highly charged emotional atmosphere," which a judge would be better able to disregard than a jury. See id. at 316-19, 590 A.2d 1144. However, since the assumption is that where such an atmosphere is present, a nonjury trial would better protect a defendant's rights, this factor obviously should not provide a basis for reversal where a defendant's motion to waive a jury trial was granted.