998 A.2d 500 (2010)
414 N.J. Super. 292
STATE of New Jersey, Plaintiff-Respondent,
v.
Tamesha CAMPBELL, Defendant-Appellant.
DOCKET NO. A-1866-09T4
Superior Court of New Jersey, Appellate Division.
Telephonically Argued May 25, 2010.
Decided July 9, 2010.
*501 Wanda M. Akin, Newark, argued the cause for appellant (Wanda M. Akin & Associates, attorneys; Ms. Akin, on the brief).
Mary E. McAnally, Deputy Attorney General, argued the cause for respondent (Paula T. Dow, Attorney General, attorney; Ms. McAnally and Andrew C. Fried, Deputy Attorney General, on the brief).
Before Judges CUFF, PAYNE and FASCIALE.
The opinion of the court was delivered by
FASCIALE, J.S.C. (temporarily assigned).
Defendant, Tamesha Campbell, appeals from an interlocutory order denying her motion for a jury trial after a mistrial. We granted leave to appeal to address whether the mistrial nullifies defendant's prior waiver of her constitutional right to a trial by jury. We reverse and remand.
This case arose from an elaborate conspiracy to commit health care claims fraud and tax fraud. The State alleged that numerous defendants participated in staging, or creating on paper, fictitious automobile accidents. Two lawyers were initially charged with paying several individuals to solicit clients. The State alleged that false reports of the accidents were made to law enforcement and insurance companies, and that certain individuals fraudulently received medical treatment for non-existent injuries.
On November 15, 2005, a superseding indictment was handed down against thirty individuals. Defendant was charged with second-degree conspiracy to commit racketeering, second-degree racketeering, five counts of second-degree health care fraud, four counts of third-degree tax fraud, and second-degree theft by deception.
Defendant was scheduled to be tried, along with five codefendants, in June 2008. Jury selection, initially scheduled for June 3, 2008, was adjourned to June 13 and continued on June 20 and 24. As the result of its slow pace and to avoid further delay, in early September, all six defendants waived their right to a jury trial. On September 3, 2008, defendant signed a written waiver that stated: "Tamesha *502 Campbell ... who has been indicted ... for racketeeringins[urance] fraud consp[iracy] ... being advised of the nature of the charge[s] against [her] and of [her] right to indictment and trial by jury, hereby waives [trial] by jury and requests that [she] be tried before this court."
The court accepted the waivers and proceeded to conduct a bench trial on October 8, 2008. The parties' determination to waive a jury did not measurably speed up the pace of the trial. On November 12 and 13 and December 4, 2008, the judge stopped the bench trial and participated actively in plea negotiations with the State and codefendants. Following the breakdown of those negotiations, one codefendant, joined by the remainder, moved to reassert his right to a jury trial, arguing that the trial judge could no longer remain impartial as the result of the knowledge obtained while plea negotiations were underway. The judge denied the motion, and the bench trial resumed sporadically in February and March 2009. However, on March 31, 2009, the trial judge declared a mistrial as to defendant only after learning that her attorney had suffered life-threatening double brain aneurysms. Although trial of the remaining codefendants continued, all pled guilty prior to the trial's conclusion.
New counsel was appointed to represent defendant in June 2009. Thereafter, defendant rejected all plea offers and moved to reassert her Sixth Amendment right to a jury trial. Defendant argued that the mistrial nullified the previous bench trial proceedings and restored her right to trial by jury. Alternatively, defendant argued that her prior waiver did not extend to the present trial because she did not anticipate that a second trial, conducted under changed circumstances, would take place, and thus she did not knowingly or voluntarily relinquish her rights in that connection. By the time of the second trial, codefendants had pled guilty, the case was no longer as factually and legally complex, there were no scheduling conflicts, and defendant had new counsel. On November 4, 2009, the trial judge denied defendant's motion. Leave to appeal was granted on December 21, 2009.
On appeal, defendant raises the following points:
POINT 1:
THE MISTRIAL DECLARED IN THE PREVIOUS BENCH TRIAL NULLIFIED DEFENDANT'S PRIOR WAIVER OF A TRIAL BY JURY THEREBY ALLOWING HER TO REASSERT HER RIGHT TO A JURY TRIAL IN THE SUBSEQUENT TRIAL.
POINT 2:
THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO REASSERT HER RIGHT TO A JURY TRIAL.
A. The Trial Court Erred in Finding That Defendant Filed Her Motion to Reassert Her Right to a Jury Trial in an Untimely Manner.
B. Defendant's `Knowing and Intelligent' Waiver of a Jury Trial During the Initial Trial Does Not Extend Beyond the Mistrial.
C. The Trial Court Erred in Considering Defendant's Motion to Withdraw Her Waiver During the Original Trial as a Factor in Denying Her Motion After the Mistrial.
The State argues on appeal that the trial judge had discretion to determine whether the mistrial canceled the prior waiver. It maintains that the prior waiver was knowing and voluntary, and that the judge properly applied his discretion in finding *503 that the mistrial did not negate the prior waiver. The State accuses defendant of "gam[ing] the system."
The trial judge issued a written opinion supplementing his decision placed on the record. In that written supplemental opinion, the judge said that "[t]he ultimate issues [were] whether the right to a jury waiver was knowing and intelligent, and whether the efforts to withdraw a waiver [were] timely, which depend[ed] on the circumstances of each case." The judge continued:
Ms. Campbell, along with five other codefendants, waived her right to a jury trial in September 2008. In January[] 2009, the defendant moved to withdraw her waiver[,] and this Court denied the motion. In June 2009, the defendant retained new counsel. It was not until September 2009 that a motion was made to reassert the defendant's right to a jury trial. The timing of this motion, together with the fact that the defendant's waiver was knowing and intelligent, and that her motion to withdraw her waiver was denied, lead this Court to conclude that her right to a jury trial should not be restored.
We begin our analysis by stating that the right to a jury trial is a fundamental right afforded by both the New Jersey and United States constitutions. U.S. Const. amend. IV; N.J. Const. art. I, ¶ 9. A defendant may, with the approval of the court, waive in writing a jury trial. R. 1:8-1(a). Nonetheless, a jury trial "is a high and sacred constitutional right in Anglo-Saxon jurisprudence...." Burnham v. N. Chicago St. Ry. Co., 88 F. 627, 629 (7th Cir.1898). It is "a fundamental right, and a waiver [of a jury trial] should not be presumed." United States v. Lee, 539 F.2d 606, 609 (6th Cir.1976). It is against this backdrop that we analyze whether the mistrial nullified defendant's prior waiver.
While we did not locate any New Jersey case directly on point, there is federal and state precedent supporting the conclusion that a mistrial revives the right to a jury trial. Zemunski v. Kenney, 984 F.2d 953, 954 (8th Cir.1993) ("Although a mistrial does not automatically cancel a jury waiver, a defendant may withdraw the waiver before a retrial."); United States v. Mortensen, 860 F.2d 948, 950 (9th Cir.1988) ("[C]onsent to a trial before a magistrate is not automatically cancelled by a mistrial but continues in force until it is revoked or withdrawn in a timely fashion."), cert. denied, 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989); United States v. Groth, 682 F.2d 578, 580 (6th Cir.1982) ("[W]aiver of a jury trial does not bar a demand for a jury on retrial of the same case unless the original waiver explicitly covers this contingency."); United States v. Mischlich, 310 F.Supp. 669, 672 (D.N.J. 1970) ("The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all."), aff'd sub nom. United States v. Pappas, 445 F.2d 1194 (3d Cir.1971), cert. denied, 404 U.S. 984, 92 S.Ct. 449, 30 L.Ed.2d 368 (1971); People v. Mixon, 271 Ill.App.3d 999, 208 Ill.Dec. 385, 649 N.E.2d 441, 443 (1994) ("[W]hen retrial has been ordered ... the right to a trial by jury is not considered simply a matter for the court's discretion."); People v. Hamm, 100 Mich.App. 429, 298 N.W.2d 896, 899 (1980) (finding that when the mistrial was affirmed and the case was remanded for a second trial, "the parties were returned to their original positions, and defendant's original waiver of a jury trial was nullified.").
From these cases, we have extrapolated three common themes regarding *504 the effect of a mistrial. First, the effect of a mistrial is to start anew. The parties are returned to their original positions as if there had been no trial at all. Second, waivers of constitutional rights to a jury trial must be strictly construed. That is so because the constitutional right to a jury trial is fundamental to our system of justice, and any waiver should not be presumed. Third, one cannot knowingly waive rights in connection with an unanticipated second trial.
New Jersey precedent reinforces these themes. See State v. Hale, 127 N.J.Super. 407, 317 A.2d 731 (App.Div. 1974), for the proposition that a mistrial nullifies the prior trial. In Hale, the defendant was charged with committing robbery and a weapons offense. Id. at 409, 317 A.2d 731. At the first trial, the judge excluded the defendant's confession after conducting a Miranda[1] hearing. Ibid. A second trial was necessary because the jury was unable to reach a verdict at the first trial. Id. at 409-10, 317 A.2d 731. A new Miranda hearing was conducted over the defendant's objection, resulting in a different outcome. Id. at 410, 317 A.2d 731. The second trial judge admitted the defendant's confession, finding it was voluntary. Ibid. On appeal from his subsequent robbery and weapons convictions, defendant argued that his confession was inadmissible as the result of the ruling in the earlier trial. Ibid. In affirming the convictions, we said, "[t]he declaration of mistrial rendered nugatory all of the proceedings during the first trial." Id. at 413, 317 A.2d 731. Further, "[a] mistrial is not a judgment or order in favor of any of the parties. It lacks the finality of a judgment, and means that the trial itself was a nullity." Id. at 412, 317 A.2d 731.
We find it significant that, in discussing the effect of a mistrial declaration, we cited United States v. Lutz, 420 F.2d 414 (3d Cir.), cert. denied, 398 U.S. 911, 90 S.Ct. 1709, 26 L.Ed.2d 73 (1970), a case that involved the same jury trial issue presented by this appeal. We stated:
The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all. The situation which exists is analogous to that which results from an appellate reversal and remand for new trial. The parties are returned to their original positions and, at the new trial, can introduce new evidence and assert new defenses not raised at the first trial. See, e.g., United States v. Shotwell Mfg. Co., 355 U.S. 233, 243, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957); United States v. Romano, 241 F.Supp. 933 (D.Me.1965); 5 Am.Jur.2d Appeal and Error § 955 (1962). Compare United States v. Lutz, 420 F.2d 414 (3d Cir.1970) where, although a jury trial had been waived by both parties at the first trial and later a mistrial was declared, in a second trial it was held that a jury trial would be allowed upon the insistence of one of the parties.
[Hale, supra, 127 N.J.Super. at 412, 317 A.2d 731 (quoting Mischlich, supra, 310 F.Supp. at 672-73).]
After holding that the mistrial nullified all of the proceedings of the first trial, we indicated that the initial ruling that the confession was inadmissible was not the "law of the case," binding the judge at the second trial. Id. at 413, 317 A.2d 731. Likewise, the denial of defendant's motion in the first trial to withdraw her waiver should not have been considered "law of the case" in the present matter. *505 As we held in Hale, following the declaration of mistrial,
[t]he State and defendant were returned to their original positions as if there had not been a trial. Each was entitled to offer evidence and to make motions and objections without limitation to that which had been offered or made at the first trial, and without being bound by the prior rulings of the court with respect thereto.
[Id. at 413, 317 A.2d 731.]
The Supreme Court expressed a similar rationale in dicta in State v. Di Frisco, 118 N.J. 253, 571 A.2d 914 (1990). In that case, the defendant confessed that he was paid to murder the victim. Id. at 256, 571 A.2d 914. The defendant pled guilty to murder and waived his right to a jury for the penalty phase of the trial. Id. at 259, 571 A.2d 914. After finding that the aggravating factors outweighed the nonexistent mitigating factors, the judge sentenced the defendant to death. Ibid. On appeal, the defendant argued, among other things, that his capital sentence must be set aside because extrinsic evidence corroborating his confession was lacking. Id. at 269, 571 A.2d 914. Although the Court rejected the defendant's arguments that addressed his conviction, it vacated his sentence and remanded the matter for a new penalty phase trial. In doing so, the Court expressly acknowledged "there is authority to the effect that in criminal retrials, when an appellate court remands because of error, neither party is bound by a prior waiver." Id. at 283, 571 A.2d 914 (citing Lee, supra, 539 F.2d at 608 and Lutz, supra, 420 F.2d at 416).
We view Hale and Di Frisco, together with the out-of-state precedent that we have cited, as providing a solid foundation for our determination in the present matter that the trial judge was mistaken in rejecting defendant's request for a jury trial.
In reaching this conclusion, we reject the trial judge's determination that defendant's assertion of her Sixth Amendment right to a jury trial was untimely. On April 1, 2009, the judge declared a mistrial. In June 2009, new counsel was appointed to represent defendant and a plea cut-off date was scheduled for July 28, 2009. At the plea cut-off hearing, the judge set a deadline of September 29, 2009, for filing defendant's motion to reassert her right to a jury trial. Defendant's motion was filed by that date. Defendant's demand for jury trial was timely, having occurred within the time frame that the judge required.
Further, we conclude that in the circumstances presented, defendant's prior waiver cannot be fairly construed as extending beyond the mistrial. Here, circumstances had significantly changed since that first trial. As the result of the entry of guilty pleas by all codefendants, the legal and factual issues in the case were simplified. Scheduling problems arising from the multiplicity of counsel no longer existed. Defendant had new counsel, and she was the only person left to be tried. There was no way that defendant could have foreseen the changed circumstances of a second trial at the time she initially waived her rights. This is not an occasion in which defendant can be fairly accused of "gam[ing] the system."
We note additionally that the language of defendant's written waiver clearly does not contemplate a second trial. Specifically, she "[h]ereby waives [trial] by jury and requests that [she] be tried before this court." There is no mention that the waiver would extend beyond the first trial to subsequent proceedings. Under these circumstances, it would be unfair to compel a *506 bench trial after the mistrial since defendant, by her prior waiver, cannot be said to have knowingly and voluntarily relinquished her rights in the present changed circumstances.[2]
Our conclusion is consistent with the principle that waivers of constitutional rights to a jury trial must be strictly construed. Strict construction is necessary because the constitutional right to a jury trial is fundamental to our system of justice, and any waiver of that right should not be presumed. We stress that, under most circumstances, after a mistrial, a trial judge should not view whether to grant a request to reassert a Sixth Amendment right to a jury trial as a discretionary matter. Waivers of the right of trial by jury must be "strictly construed in favor of the preservation of the right." Lee, supra, 539 F.2d at 609 (quoting Burnham, supra, 88 F. at 629).
We thus hold in this case that the declaration of mistrial nullified defendant's prior waiver of her Sixth Amendment right to trial by jury. The parties have been returned to their original positions as if there had been no trial at all. A jury trial is so fundamental to our system of justice that any waiver should not be presumed. In the circumstances presented, the trial judge should not view defendant's request to reassert her Sixth Amendment right to a jury trial as a discretionary determination on his part. Defendant did not knowingly waive her right to a jury trial in connection with the unanticipated second proceeding.
Reversed and remanded.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The State argues that defendant's prior waiver was knowing and voluntary. For this argument, the State relies on State v. Jackson, 404 N.J.Super. 483, 962 A.2d 572 (App.Div.), certif. denied, 199 N.J. 129, 970 A.2d 1046 (2009), and State v. Dunne, 124 N.J. 303, 590 A.2d 1144 (1991). Both cases are distinguishable from this case. In Jackson, the defendant argued that the trial judge erred in granting his request to waive a jury. Jackson, supra, 404 N.J.Super. at 485, 962 A.2d 572. In Dunne, the defendant argued that the trial judge erred by denying his request for a bench trial. Dunne, supra, 124 N.J. at 306, 590 A.2d 1144. Neither case addressed whether a prior waiver of a jury trial was knowing and voluntary when a defendant requests a jury after a mistrial.