**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1915-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ELINA GUTTI, a/k/a
OLGA SINGHANIA, and
OLGA GUTIY,

      Defendant-Appellant.

_____

> Argued May 14, 2025 – Decided July 11, 2025
>
> Before Judges DeAlmeida and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 22-01-0036.
>
> Colin Sheehan, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Colin Sheehan, of counsel and on the briefs).
>
> Emily M. M. Pirro, Assistant Prosecutor, argued the cause for respondent (John P. McDonald, Somerset

County Prosecutor, attorney; Emily M. M. Pirro, of counsel and on the brief).

PER CURIAM

After a bench trial, the court convicted defendant Elina Gutti of first-degree murder and related weapons offenses for the stabbing death of her four-year-old son. Defendant appeals, arguing her convictions should be reversed because the court failed to adequately establish that she voluntarily, knowingly, and competently waived her right to a jury trial. We agree, reverse her convictions, and remand for a new trial.

I.

On January 1, 2022, a Somerset County grand jury returned an indictment charging defendant with one count of first-degree murder, N.J.S.A. 2C:11-3(a)(1), and two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), arising from the death of her child on February 6, 2021.

Defendant does not deny she killed her son by stabbing him multiple times while he was sleeping. She pursued a defense of not guilty by reason of insanity.

On October 12, 2023, defendant moved to waive her right to a jury trial. The motion was supported by a certification of defense counsel. The certification stated: (1) defendant and her counsel executed the court-approved

waiver of criminal jury trial form, which counsel submitted to the court; (2) "[o]n multiple dates and specifically on October 12, 2023, defense counsel reviewed the waiver form and her right to a jury trial with [defendant]"; (3) defendant "understands that the jury consists of twelve members of the community chosen to determine whether she is guilty, not guilty, or when applicable, as it is here, not guilty by reason of insanity"; (4) defendant "understands she may participate in the selection of jurors in this matter and that all twelve jurors must unanimously vote to convict in order for a conviction to be obtained"; (5) defendant "acknowledges, understands, and requests that if she waives her right to a jury trial, a judge alone will decide whether she is guilty, not guilty, or when applicable, not guilty by reason of insanity"; (6) defendant "submits the request for a waiver of a jury trial will not procure an impermissible advantage"; and (7) "[t]his case has received much pre-trial publicity and will certainly be a lengthy and complex trial." The State did not object to the motion.

On November 6, 2023, the court heard argument on the motion. The transcript of the argument contains no indication defendant was present. After argument, the court stated:

> I have to say I have been considering this since we've initially discussed it, and I am going to just take a little bit longer just to consider oral argument and the issues raised here today.

3

> I do have the waiver . . . in the file, and then if we're going to go forward in that manner, I will do the colloquy with [defendant] and go over those issues as well.
>
> But I will have a decision for you.

On November 16, 2023, the court issued an order and written decision granting defendant's motion without conducting a colloquy with defendant. The court, based solely on counsel's certification, found defendant made a voluntary, knowing, and competent waiver of her right to a jury trial after consultation with her counsel. In addition, the court weighed several factors, including whether defendant would obtain an unfair advantage by having a bench trial, the seriousness of the alleged crimes, the anticipated complexity and length of the trial, the amenability of the issues expected to be raised to resolution by a jury, pretrial publicity, and the highly emotional atmosphere expected at trial, and determined a bench trial was warranted.

After a multi-day bench trial, the court issued a comprehensive written decision finding defendant guilty of all counts of the indictment. The court found the State proved beyond a reasonable doubt defendant was not legally insane at the time of the crimes and committed each crime charged.

The court thereafter sentenced defendant to a mandatory term of life in prison without the possibility of parole on the murder conviction, see N.J.S.A.

2C:11-3(b)(4)(k), and a five-year term of imprisonment on each of the weapons convictions imposed concurrently with the sentence for murder. A January 31, 2024 judgment of conviction (JOC) memorialized defendant's convictions and sentence.

This appeal follows. Defendant raises the following argument:

> [DEFENDANT'S] BENCH TRIAL CONVICTIONS MUST BE REVERSED BECAUSE THERE IS NO RECORD OF THE REQUIRED COLLOQUY ENSURING THAT SHE KNOWINGLY AND VOLUNTARILY WAIVED HER CONSTITUTIONAL RIGHT TO A JURY TRIAL.

The State concedes the trial court failed to conduct a colloquy with defendant regarding the waiver of her right to a jury trial. It argues, however, the signed waiver and counsel's certification were sufficient to support the trial court's finding defendant made a voluntary, knowing, and competent waiver.

After acknowledging its position on the sufficiency of defendant's waiver "is a unique one," the State argues we should order a limited remand for the trial court to hold a hearing to determine defendant's knowledge of her right to a jury trial and intent to waive that right at the time the motion was granted. The State argues the outcome of the hearing on remand would determine the resolution of this appeal – either defendant will confirm she voluntarily, knowingly, and competently waived her right to a jury trial and her convictions will be affirmed,

or she will establish the waiver was deficient, resulting in the reversal of her convictions and a new trial. Defendant opposes the proposed limited remand.

## II.

The right to a jury trial is a fundamental right guaranteed by the New Jersey and United States constitutions. See U.S. Const. amend. VI; N.J. Const. art. I, ¶ 9; see also State v. Dunne, 124 N.J. 303, 316 (1991) (explaining a "trial by jury is fundamental to the American system of criminal justice."). To maintain confidence in the criminal justice system, "[t]rial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact . . . ." Dunne, 124 N.J. at 310 (quoting Patton v. United States, 281 U.S. 276, 312 (1930)). As such, a waiver of the right to trial by jury should not be presumed, State v. Campbell, 414 N.J. Super. 292, 301 (App. Div. 2010), and must be made "voluntarily, knowingly, and competently," Dunne, 124 N.J. at 317.

Rule 1:8-1 governs jury trial waivers and provides "[c]riminal actions required to be tried by a jury shall be so tried unless the defendant, in writing and with the approval of the court, after notice to the prosecuting attorney and an opportunity to be heard, waives a jury trial." R. 1:8-1(a). In its consideration of a request to waive a jury trial in a criminal action, a court should

A-1915-23

(1) determine whether a defendant has voluntarily, knowingly, and competently waived the constitutional right to jury trial with advice of counsel;

(2) determine whether the waiver is tendered in good faith or as a stratagem to procure an otherwise impermissible advantage; and

(3) determine, with an accompanying statement of reasons, whether, considering all relevant factors, . . . it should grant or deny the defendant's request in the circumstances of the case.

[Dunne, 124 N.J. at 317.]

Factors relevant to the court's determination of a request to waive a jury trial include: "the judiciary's obligation 'to legitimately preserve public confidence' in the administration of justice"; the "gravity of the crime" and "complexity" of presenting the case; "the position of the State"; and "the amenability of the issues to jury resolution, [and] the existence of a highly-charged emotional atmosphere." Id. at 315, 317 (citations omitted). A decision to permit a defendant to waive a jury trial "rest[s] in the sound discretion of the trial court," id. at 318, and, in making the determination, "a court must consider the competing factors that argue for or against jury trial," id. at 315.

A court's determination of a defendant's request to waive a jury trial must be founded on "sources of principled decision-making . . . rooted in a statement of reasons" accompanying the decision. Id. at 317. As our Supreme Court

7

explained, the "statement of reasons will give structure to the trial court's discretionary judgment and will soundly guide appellate review." Id. at 317-18.

In State v. Blann, the Court established two requirements to ensure defendants possess a full understanding of their "choice" when deciding to waive the right to a jury trial. 217 N.J. 517, 518 (2014). First, a defendant must sign a "written waiver form" advising

> that (1) a jury is composed of [twelve] members of the community, (2) a defendant may participate in the selection of jurors, (3) all [twelve] jurors must unanimously vote to convict in order for a conviction to be obtained, and (4) if a defendant waives a jury trial, a judge alone will decide [his or her] guilt or innocence.
>
> [Ibid. (quoting State v. Blann, 429 N.J. Super. 220, 250 (App. Div. 2013) (Lisa, J.A.D., dissenting)).]

Second, trial judges must also "engage in a colloquy with defendants that includes those four items, at a minimum, to assess the voluntariness of a waiver request." Ibid.

The Court more recently noted that its decision in Blann "establish[ed] procedures that trial judges must follow to accept a waiver of the right to trial by jury." Orientale v. Jennings, 239 N.J. 569, 592 (2019). And we have long held that "[a] defendant's mere acquiescence in proceeding without a jury . . . is

not sufficient to constitute a waiver of [the] right to a jury trial." State v. Wyman, 232 N.J. Super. 565, 568 (App. Div. 1989).

Measured against these standards, we reverse defendant's convictions and remand for further proceedings and a new trial. There is no dispute the trial court failed to follow the dictate in Blann to conduct a colloquy with defendant that discusses, at a minimum, the four issues outlined in Blann before determining whether to accept a waiver of a jury trial. The trial court recognized its obligation to conduct such a colloquy, stating after oral argument on defendant's motion that if it was inclined to grant the motion it would have a colloquy with defendant. Yet, the court issued an order and decision granting the motion without discussing the waiver with defendant.

Under Blann, the trial court's reliance on counsel's certification was insufficient to support its finding of a voluntary, knowing, and competent waiver. While we see no basis on which to doubt the accuracy of the certification, at best it conveys counsel's opinion defendant understood various aspects of her right to a jury trial and the implications of waiving that right. Blann, however, requires the court decide whether defendant understood her rights and made a voluntary, knowing, and competent waiver of those rights. The court cannot make those determinations without conducting the colloquy

9                                                                                    A-1915-23

required by <u>Blann</u>, during which the court can assess defendant's knowledge of her rights and the implications of waiver of those rights. The importance of the court's discussing waiver with defendant is highlighted here, given the mandatory life sentence without parole she faced and her admitted history of mental health issues. It was imperative that the court have a verbal exchange with defendant to evaluate whether she understood and waived her right to a jury trial. We are, therefore, constrained to reverse defendant's convictions.

We find no precedent supporting the State's proposal we refrain from deciding this appeal while the trial court conducts a limited remand at which defendant would testify with respect to her state of knowledge about her right to a jury trial and intention to waive that right prior to the trial. In the time since the court granted defendant's motion, defendant underwent a bench trial and surely has greater knowledge and a more complete understanding of the criminal trial process than she did when she waived her right to a jury trial. It would be impractical to expect defendant to testify in a way that parses what she knew about jury trials in October 2023 from what she may have learned in the years that followed and for her to accurately recall her intentions prior to trial in light of her subsequent conviction on all counts of the indictment after a bench trial.

The January 31, 2024 JOC is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division